THE KING *vs.* LUM HUNG.

EXCEPTIONS FROM RULING OF DOLE, J., AT APRIL TERM.

JULY TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

A charge for "Violating Section 5, Chapter XLI, Act of 1886 in a
house on Beretania street, near Kaumakapili Church on or about
the 17th day of December, 1887, in Honolulu," is sufficient to
support a conviction under the said section; defendants counsel
not having before trial objected to the charge made as not being
sufficiently specific.

Exceptions overruled.

OPINION OF THE COURT, BY BICKERTON, J.

The defendant was charged in the Police Court, Honolulu,
on December 19th, 1887, with "violating Section 5, of Session
Laws of 1886, Chapter XLI., by having unlawful possession of
tools, devices, implements or tickets to play Pakapio, a bank-
ing game, in Honolulu, on or about the 17th inst.; this being
Lum Hung's second offense." On the 29th of December, 1887,
he was found guilty and sentenced to pay a fine of $500 and to
be imprisoned without hard labor for three days and to pay
costs. The defendant appealed to the Supreme Court and the
case was tried at the April Term, 1888, resulting in a verdict of
guilty. The defendant was sentenced to imprisonment at hard
labor for two months and fined $300 and costs, and the matter
now comes here on exceptions to the verdict, the refusal of the
Court to charge the jury as requested by defendant, and the
denial of a motion that the jury be directed to return a verdict
of acquittal.

BY THE COURT.

The bill of exceptions sets out the charge made in the
Supreme Court, as follows, "Violating Section 5, Chapter XLI.,
Act of 1886, in a house on Beretania street, near Kaumakapili

church on or about 17th December, 1887, in Honolulu." This we understand and take to be the charge; it is so stated by counsel, and so allowed by the presiding Justice in the bill of exceptions; it is a general charge under a certain section which reads as follows:

"Section 5. Any person who shall have unlawfully in his possession any tool, device, implement or ticket used or which can be used for the drawing, carrying on or playing at any lottery, game of faro, monte, roulette, lansquenet, rouge et noire or any other banking game played with cards, dice, or any device shall be punishable by a fine not exceeding five hundred dollars for the first offense, and for every subsequent offense by a fine not exceeding five hundred dollars and imprisonment with or without hard labor not exceeding three months, and such tool, device implement or ticket shall be forfeited and destroyed."

The charge being general, it admitted of evidence being introduced showing that these tickets, etc., could be used for the carrying on of a lottery.

It was not a specific charge as made in the Police Court, where it was particularly specified that defendant had violated that section "by having unlawful possession of implements, tickets, etc., to play Pakapio, a banking game." We think the defendant's counsel might have objected to the charge made, as being uncertain and not sufficiently specific, but we do not find that any such objection was made but that defendant went to trial under the general charge of violating the said section.

We are of opinion that if the charge in the Supreme Court had been in the same terms as that made in the Police Court, the exceptions would have been well taken and they would have had to be sustained and the defendant discharged, because there was no evidence to show that Pakapio was a banking game.

The evidence shows clearly that defendant not only unlawfully had in possession tickets used for the drawing, carrying on or playing at a lottery, but that he dealt in and sold them.

It fully substantiates the charge made, and warrants the verdict; in fact, we cannot see how the jury could arrive at any other verdict than that of guilty on the evidence as set out in the bill of exceptions before us.

The conviction must stand, and the exceptions are overruled.

*A. P. Peterson* (Attorney-General), for the Crown.

*W. R. Castle*, for the defendant.

————

I concur in the foregoing decision with the exception of the conclusion stated in the paragraph beginning with the words " We are of the opinion that if the charge in the Supreme Court had been," etc. I am not prepared to adopt this view, nor do I think it essential to the decision of the issue submitted to this Court.                              SANFORD B. DOLE.