## THE KING *vs.* WO SOW, AKI and TEN YECK.

EXCEPTIONS FROM THE CIRCUIT COURT OF THE THIRD JUDICIAL
CIRCUIT.

JULY TERM, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

Section 14 of the Act to Regulate the Practice and Procedure in
Criminal Cases (Compiled Laws, page 341) gives express authority
to join the principal and accessories before and after the fact in
one indictment.

The rules of a certain Chinese Secret Society called the Yee Wo
Hong, of which the defendants were alleged to be members, and
which Society it was alleged instigated the murder of Quon Yep,
were produced in evidence, whereupon counsel for defendants
moved that the said rules be translated and the translation filed
for use. The presiding Justice said : "I refuse the motion, if the
trial will be thereby delayed, as timely notice of this request was
not given so that the Court interpeter could have completed it in
time." The rules were orally interpreted to the jury, and were
afterwards translated and filed before the case went to the jury.

Held, the defendant was not prejudiced by the course adopted by the
Court.

No application having been made by the defendants for separate
trials, it was not the duty of the Court to order defendants to have
separate trials merely because defendants refused to join in their
challenges and plea.

A jury may convict on the uncorroborated testimony of accomplices.

A review of the evidence, however, shows abundant evidence con-
firmatory of that of the accomplices.

A new trial was asked for on the ground that the "record" did not
show that the defendant had been arraigned, or that he was
present in Court during the trial or upon the rendering of the
verdict, and that the "record" was in other respects insufficient.

Held, the "record" was not before the Court.

Some minutes made by the Clerk were forwarded with the papers,
but these minutes do not form the record, and the bill of excep-
tions does not refer to it.

OPINION OF THE COURT, BY PRESTON, J.

The defendant Wo Sow was indicted at the May Term of the Circuit Court, Third Judicial Circuit, for the murder of one Quon Yep, and one Aki was charged in the same indictment as an accessory before the fact to such murder, and one Ten Yeck was also charged in the same indictment as an accessory after the fact.

To this indictment the defendants demurred on the following grounds: 1. That the Hawaiian Criminal Procedure Act does not permit accessories to be joined with the principal unless charged with the substantive offense. 2. That said statute does not provide for joining accessories before the fact with accessories after the fact. 3. That the charges as presented against the said Aki and the said Ten Yeck are uncertain as to particular place, time and circumstances, and not such as to give said defendants the opportunity to meet and defend themselves from the several charges therein laid against them. 4. It is not alleged that the murder of Quon Yep was committed by Wo Sow in pursuance of any act of defendant Ten Yeck—more especially the act therein charged of maliciously inciting, procuring, counselling, commanding or hiring the said Wo Sow the said murder to do and commit.

The Court overruled the demurrer, and the defendants excepted to such ruling.

The defendants severally pleaded "not guilty" to the indictment, and the case came on for trial on the 14th May, and was finished on the 23d, when the jury returned a verdict of not guilty as to the defendants Aki and Ten Yeck, and of guilty as to the defendant Wo Sow.

Counsel for the defendant Wo Sow excepted to the verdict as being contrary to the law and the evidence, which exception was allowed.

Various exceptions to the admission of evidence were taken during the trial and allowed, but were not argued.

The rules of a certain Chinese Secret Society called the Yee Wo Hong, of which the defendants were alleged to be members, and which society it was alleged instigated the murder, were

produced in evidence, whereupon counsel for the defendants moved that the said rules be translated and the translation filed for use.

The Court refused to entertain the motion, the presiding Justice saying : " I refuse the motion if the trial will be thereby delayed, as timely notice of this request was not given so that the Court interpreter could have completed it in time."

The rules were orally interpreted to the jury, and were afterwards translated and filed before the case went to the jury.

Counsel for the defendants excepted to such refusal, and the exceptions were duly allowed.

A bill of exceptions was subsequently allowed and signed by the presiding Justice, and a copy of the indictment, the evidence and the demurrer were annexed and made part of the bill.

The exceptions were argued at the present term by J. A. Magoon for the defendant Wo Sow, and by the Attorney-General for the Crown.

#### By the Court.

We will deal with the demurrer first.

The first two grounds raise the question as to the right to include the principal and accessories before and after the fact in one indictment.

We fail to see any reason why they should not be so joined. The Act " To Regulate the Practice and Procedure in Criminal Cases," Section 14, gives express authority for this. The remaining grounds of demurrer were not argued before us, and refer only to Aki and Ten Yeck, who were acquitted.

We think the Circuit Court was right in overruling the demurrer, and therefore the exception on this point is overruled.

The exception to the refusal of the Circuit Court to allow the translation of the rules of the Secret Society, as requested, cannot be sustained upon any principle or authority. We fail to see in what respect the defendant could have been prejudiced by the course adopted by the Court, and therefore this exception must be overruled.

The remaining exception is that the verdict is contrary to the law and the evidence.

The first ground insisted upon by counsel for the defendant is a novel one. It was contended that as the defendants refused to join in their challenges or plea, it was the duty of the Circuit Court to order the defendants to have separate trials.

In support of this proposition, counsel referred to " Vol. 1, Brightley's Penn. Digest, p. 496, Section 265," where it is stated that " Separate trials will be granted where the defendants sever in their pleas, apply for such separation and decline to join in their challenges." The case immediately preceding this citation in the digest says: " A separate trial is not a matter of right; an application for it is addressed to the discretion of the Court."

This is in conformity with our views and as no application appears to have been made, this ground of objection cannot be entertained.

The next ground urged by counsel for the defendant is, that the conviction rested upon the uncorroborated testimony of accomplices, and therefore the conviction ought not to be sustained. Best on Evidence, Section 156, *State vs. Moran and Warren*, 1 Criminal Rep. (Green) 749 ; *Reg. vs. Farler*, 8 Car. & P., 106 ; *Rex. vs. Webb*, 6 Car. & P., 595 ; *Rex vs. Nokes*, 5 Car. & P, 326.

There can be no doubt that a material part of the testimony against this defendant was given by accomplices. It is equally beyond doubt that a jury may convict upon the uncorroborated testimony of such accomplices ; but it is usual in cases of felony for the Court to instruct the jury, that such testimony should be corroborated. This was done in the case at bar, and the jury having found a verdict against the defendant, we cannot say that as a matter of law, the defendant would be entitled to a new trial even if we should think there was no confirmatory testimony.

But we are clearly of opinion, there was abundant confirmatory evidence.

47

The case made for the prosecution was, that Quon Yep had incurred the displeasure of the secret society, in having given information to the police authorities as to certain offenses committed by members of the society, and that at a meeting of certain members of the society, of which the defendant Wo Sow was president, the murder of Quon Yep was discussed, and it was decided that he should be murdered, that it was arranged he should be induced to go to a place at Honomu where the crime was to be effected. Evidence was given by the accomplices in support of this, and that Quon Yep was made drunk with liquor, and while drunk was murdered, Wo Sow holding one of his hands while he was being strangled by others. It was also stated that one Chun Poon Leong was present when the murder was discussed at the society's rooms, and that he and the defendant Aki opposed it. It was also given in evidence that Wo Sow and Quon Yep left Hilo together on Monday, the 23d of July, for the purpose of going to Honomu.

Chun Poon Leong corroborates the testimony as to his being present when the murder was discussed and that he and Aki opposed it. That Wo Sow introduced the subject and insisted upon the necessity of the murder, and it was resolved by a majority that it should be carried out, and the witness again protesting left the room, and took no further part in the matter.

It was also proved by independent testimony that Wo Sow and Quon Yep were seen together on the road to Honomu and that they stopped at several places mentioned by the accomplices, and that Quon Yep was not seen alive after Tuesday, the 24th July.

There is other corroborative testimony upon minor details which it is not necessary to allude to.

It was also insisted upon by counsel for the defendant that a new trial should be granted, as the record did not show that the defendant had been arraigned, or that he was present in Court during the trial, or upon the rendering of the verdict, and that the record was in other respects insufficient.

It is sufficient to say that the record is not before us; some minutes made by the Clerk were forwarded with the papers, but these minutes do not form the record, and the bill of exceptions does not refer to it.

The exceptions are overruled.

*C. W. Ashford* (Attorney-General), for the Crown.

*Magoon* and *Wilder*, for the defendant.