## REPUBLIC OF HAWAII *v.* C. G. PARSONS.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED DECEMBER 23, 1996.      DECIDED JANUARY 27, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

A charge in a District Court may be less formal than an indictment. The charge in this case held sufficient against numerous objections made thereto and set forth in the opinion of the court.

The Penal Code of 1869 was as a whole enacted as a statute by the Act of July 7, 1870, and, therefore, any particular section or chapter would be law thereafter, even though it might have been previously, as a separate statute before the compilation and enactment of the Code, unconstitutional because its object was not sufficiently stated in its title.

It is the privilege of a witness and not the right of the party against whom he is called, to refuse to give testimony that would tend to criminate him; and the judge is not obliged, at the instance of such party and in the absence of any objection by the witness, to instruct the latter that he is not bound to give testimony that would tend to criminate him.

The rule permitting the use of his minutes by a district magistrate to refresh his memory, when called as a witness, held sufficiently complied with under the circumstances set forth in the opinion of the court.

An instruction that the age of a girl must be proved by sworn testimony, and that her personal, bodily or physical appearance should not be taken into consideration, held properly refused, there being sworn testimony as to her age.

In a trial for the offense of sexual intercourse with a female under fourteen years of age, an instruction that in order to render credible the testimony of the person with whom the offense was alleged to have been committed, there should be corroborating testimony by other witnesses, was properly refused, there being no rule making such corroborating testimony absolutely essential, and there being such testimony in this case.

OPINION OF THE COURT BY FREAR, J.

The defendant was tried and convicted in the District Court of Honolulu, and again, on appeal, in the Circuit Court, First Circuit, on a charge of sexual intercourse with a female under fourteen years of age. The case now comes to this court on exceptions which raise the questions of (1) the sufficiency of the charge, (2) the constitutionality of the statute under which the charge was made, (3) the admissibility of certain evidence, and (4) the correctness of certain instructions requested but refused.

The charge was stated to the court and jury in the Circuit Court by the Deputy Attorney-General, who prosecuted the case in that court, as follows: "C. G. Parsons is charged with violating Section 9, Chapter 13 of the Penal Code at Honolulu in the Island of Oahu, and within the jurisdiction of this court during one month next preceding the 12th day of October, 1896, and particularly on October 10th, 1896, for that he did during such time and at such place and upon said date have unlawful sexual intercourse with a female under the age of 14 years, to wit, with one Constancia Rodrigues." The charge is set forth in substantially the same words in the record sent up from the District Court on the appeal, and the case is there

entitled *"The Republic of Hawaii v. C. G. Parsons."* Sec. 9, Ch. 13, Penal Code, under which the charge was made, is as follows: "Whoever shall be convicted before any police or district justice of the kingdom (now republic), of having sexual or carnal intercourse with any female of this kingdom (republic), under the age of fourteen years, shall be imprisoned," &c. The objections to the charge appear to have been raised for the first time by demurrer in the Circuit Court and are the following: That it does not appear that the charge was made, or the prosecution carried on, in the name and by the authority of the "Republic of Hawaii;" or that the said "female" was a human being, or that she was of this Republic; or that said "C. G. Parsons" is a male person; or that said C. G. Parsons and said female were not husband and wife; or that Honolulu, or the island of Oahu, is in the Republic of Hawaii; also that it is not sufficient to allege that the offense was committed "at Honolulu" without describing the particular house or place in Honolulu; or to allege that "he," without alleging that "he, C. G. Parsons" did have unlawful sexual intercourse; or to allege the year in figures without prefixing "A. D.;" also that it is uncertain whether the "said date" is the 10th or the 12th. The same degree of particularity is not required in a charge in a district court as is required in a formal indictment, and in our opinion the charge in question is sufficient and in conformity with the long established practice in the district courts of these islands. See *Prov. Gov't. v. Hering,* 9 Haw. 181; *The King v. Lum Hung,* 7 Haw. 344; *Republic v. Ah Cheon, ante,* 469; *Woodward v. Republic, ante,* 416.

The exception chiefly relied on is that which raises the question of the constitutionality of the statute under which the charge is made. The contention is, that the statute is in conflict with Art. 77 of the Constitution of 1864, then in force, which provided that "Every law shall embrace but one object, and that shall be expressed in its title." The argument is: that the statute in question, Sec. 9, Ch. 13 of the Penal Code of 1869, was first enacted, in 1864, as "An Act to Amend Chapter

13th of the Penal Code" of 1850; that the title of this amendatory act does not comply with the constitutional provision, in that it refers merely to the chapter of the amended act and contains neither a suggestion of the nature of the matter covered by the amendatory act nor the title of the amended act, and that even if it did set forth the full title of the alleged amended act, namely, "Chapter XIII. Polygamy—Adultery—Fornication—Incest—Sodomy," it would be insufficient because that title is not broad enough to cover the object of the amendatory act,—which relates to sexual intercourse with a female under fourteen years of age. We need not express an opinion as to how far this argument would hold good if the charge were made under the Act of 1864. We merely suggest on this point the question whether the amended act referred to in the title of the amendatory act is not the Penal Code itself, the title of which is broad enough to cover the matter of the amendatory act,—Chapter 13 being merely a subdivision of the Code, not a distinct law by itself and not having any title within the meaning of the constitutional provision. See *Gunter v. Texas, &c., Co.,* 82 Tex. 496; *People v. Parvin,* 74 Cal. 549; *Johnson v. Harrison,* 47 Minn. 576. But the charge was not made under the Act of 1864. It was made under the Penal Code, and this is not a mere compilation of laws. It was such at first, as compiled in pursuance of the Act of June 22, 1868, and, as argued by counsel, the fact that the compilers inserted the amendment of 1864 in the compilation gave that amendment no additional force. But by the Act of July 7, 1870, the Penal Code as compiled was declared to be the law of the land. It is true, as suggested by counsel, that the Act of 1870 enacted as law the Penal Code as compiled "in conformity with the Act" of 1868, and that the Act of 1868 provided for the compilation only of the penal laws "in force" at the end of that session of the legislature, but the words "in conformity with" were inserted, not for the purpose of excluding provisions which the compilers might by mistake or error have regarded as laws in force, but in the sense of "in pursuance of" and for the purpose of identi-

fying the compilation referred to. That the legislature intended to enact the compilation as a Code having the force of a law by itself is manifest. What other object was there? The title of the Act also bears out this construction. It is, "An act to Declare the Penal Code, as Compiled and Published by the Judges of the Supreme Court to be the Law of the Land." '

The first exception relating to the admission of testimony was taken to the overruling of defendant's objection to the court's allowing the girl with whom the offense was alleged to have been committed to testify, without first having informed her of her privilege of refusing to give testimony that would tend to criminate her. This was the privilege of the witness herself and not the right of the party against whom she was called, and the court was not bound to so instruct her, on the interposition of such party alone and in the absence of any objection by the witness herself. *Com. v. Shaw,* 4 Cush. 594.

An exception was taken also to the admission of the testimony of the district magistrate as to what had been said by the defendant in the trial before him. The objection is, that the magistrate read his record, that is, his minutes, which were not a record admissible as such, and that he did not use it merely for the purpose of refreshing his memory. The magistrate testified that the record was written by himself at the time the defendant gave his testimony, and that the record contained a correct statement of what the defendant had said; and, in answer to the defendant's objection, the court ruled that the witness might use his record for the purpose of refreshing his memory. The witness was then asked to state, refreshing his memory from the record, what the defendant had said. He then read his minutes. The record itself was not put in evidence. In our opinion, the rule which permits the use of a writing for the purpose of refreshing the memory, was sufficiently compiled with.

An exception was taken to the refusal of the court to instruct the jury as requested, that "the age of the girl must be proved by sworn testimony, and that you are not to take

her personal, bodily or physical appearance into consideration in arriving at a conclusion as to her age, as such personal, bodily or physical appearance is not evidence in this action." This instruction was properly refused. In the case of *Stephenson v. The State*, 28 Ind. 272, relied on in support of the instruction, there was no evidence at all of the age of the person in question except his appearance. In the present case, the girl's father testified on oath that she was thirteen years of age.

The requested instruction, that "in order to render her (the girl's) evidence credible, there should be some corroborating and concurrent testimony by some other witness or witnesses of time, place and circumstances, tending to prove the charge against the defendant, otherwise you must acquit him," was also properly refused. There is no rule which makes such corroborating testimony absolutely essential in a case of this kind. See *The King v. Wo Sow*, 7 Haw. 734. Moreover, there was such testimony in this case.

There were exceptions to refusals to give other instructions as requested, but these seem not to be relied on and need not be considered.

The exceptions are overruled.

Deputy Attorney General *E. P. Dole*, for prosecution.

*J. T. De Bolt* and *J. L. Kaulukou*, for defendant.