416 P.2d 597

STATE of Arizona, Appellee,

v.

Ronald WHITE, Appellant.

No. 1620.

Supreme Court of Arizona.

In Division.

July 13, 1966.

---

Darrell F. Smith, Atty. Gen., and Gary K. Nelson, Asst. Atty. Gen., for appellee.

Chris T. Johnson, Phoenix, for appellant.

BERNSTEIN, Vice Chief Justice.

The defendant appeals from a conviction in Maricopa County Superior Court of four counts of armed robbery within the meaning of A.R.S. §§ 13–641, 13–642 and 13–643.

The facts leading to the trial of the defendant are briefly as follows: In the late evenings or early mornings of October 26, 27, 31, and November 2, 1964, robberies were committed at four different motels in the Phoenix area. In all but one instance, the two men who committed the crimes entered the motels under the guise of needing a room, and subsequently revealed a gun for the purpose of robbing the respective establishments. Later, in a police line-up, the defendant was identified as one of the robbers and consequently brought to trial.

■ At trial, a witness for the prosecution, in response to a question posed by the counsel for the defense relating to the date when the witness had observed the defendant in a line-up answered:

"I saw the line-up just before the escape at the county jail."

The defendant's counsel moved for a mistrial on the grounds that the escape was a separate and unrelated offense and that reference to it by the witness was prejudicial to the defendant. The motion for mistrial was denied. The defendant contends that the denial was prejudicial error and is grounds for reversal. We disagree.

■ Generally, evidence tending to show the commission of a crime by the accused, entirely distinct and independent of that for which he is on trial, is neither relevant nor admissible. State v. Little, 87 Ariz. 295, 350 P.2d 756, 86 A.L.R.2d 1120; Dorsey v. State, 25 Ariz. 139, 213 P. 1011. However, certain related acts by a defendant have been held to be of sufficient probative value to render them admissible as an exception to the general rule of evidence. One such exception that has long been recognized by this and other jurisdictions is the admissibility of proof of a defendant's flight or attempted flight after the commission of an offense. State v. Loftis, 89 Ariz. 403, 363 P.2d 585. The reasoning behind this rule of admissibility is not that such flight in and of itself is evidence of guilt. Rather, it is a fact which may be considered by the triers of fact as raising an inference in connection with other circumstances, and in absence of explanation of reason or motives which prompted it, that the accused is guilty of the crime charged. In brief, it is evidence of conduct which may indicate a consciousness of guilt on the part of the accused.

■ The defendant argues that the escape, being a crime in itself, was too remote to justify any inference of guilt. He argues that "escape" differs from "flight" in this respect. The rationale for the admissibility of each, however, is the same. They both may indicate a consciousness of guilt as discussed above, thus giving rise to an inference of guilt. The fact that an "escape" from jail necessarily occurs at a point further in time from the initial crime than does "flight" from the scene goes not to admissibility but rather to the weight to be accorded the evidence. This court in State v. Guerrero, 58 Ariz. 421, 120 P.2d 798, held that evidence of a defendant's escape from police officers *after* his arrest was admissible, and State v. Thomas, 63 Wash.2d 59, 385 P.2d 532 held that evidence of defendant's escape from jail pending trial for the charge of

robbery of which he was subsequently convicted was likewise admissible. Here, as in the Thomas case, the defendant was being held for no crimes other than those for which he was being tried. See also, Bird v. United States, 187 U.S. 118, 23 S. Ct. 42, 47 L.Ed. 100.

■ The defendant contends that to permit introduction of escape evidence leads to the result that the law "puts a man in jail and if he is innocent and tries to escape, we (automatically) say he is guilty." We cannot agree. As indicated previously, the admissibility of evidence is not determinative of the weight it is to be afforded and the defendant may go forward with the evidence to explain any alternative reasons he may have had for attempting escape.

The defendant cites State v. Gallagher, 97 Ariz. 1, 396 P.2d 241 as authority for his position that evidence of an escape is inadmissible. In Gallagher, this court held that suggestion of a defendant's criminal record by a police officer, a witness in the case, was reversible error. The essence of Gallagher was that the police officer's testimony referred to prior crimes *unconnected* with crimes for which he was being tried and as such failed to fit any of the usual exceptions to the rule excluding the record of prior crimes and consequently was prejudicial error. The case of State v. Jacobs, 94 Ariz. 211, 382 P.2d 683, is like Gallagher in that the fault of a witness' reference to mug shots of defendant was that this prejudicially implied a previous and separate criminal record. The present case, however, concerns a reference to an "escape" which unlike mug shots or a reference to past crimes may naturally and logically be related to the crime for which he was being held and for which he was presently being tried. This same distinction applies to the Dorsey case cited by the defendant.

Affirmed.

STRUCKMEYER, C. J., and UDALL, J.; concur.