## STATE OF HAWAII
### *v.* RALPH BOWERS BAXTER, JR.

No. 4614.

MAY 9, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND CIRCUIT JUDGE OKINO ASSIGNED BY REASON OF VACANCY.

OPINION OF THE COURT BY MARUMOTO, J.

On this appeal, appellant, who was convicted of first degree burglary after a jury trial, specifies a number of trial court errors, but the only specification which requires our consideration is the one relating to the instruction admonishing the jury not to draw any inference against him from the fact that he did not testify.[1] The instruction

---

[1] The instruction read as follows:

"You are not to draw any inference unfavorable to a defendant because he did not testify in this case, or give any consideration to this fact in your deliberations. In other words, you must not hold against a defendant the fact that he has not testified in his own behalf, and such fact is not to be considered by you in any way in arriving at your verdict. The law raises no inference against a defendant by reason of his not offering himself as a witness because the burden of proof always rests upon the state to prove guilt. It is never the obligation of the defendant to prove that he is innocent."

was given at the request of the prosecution and over appellant's objection.

The court gave the instruction upon construing our statute as mandating it to do so. HRS § 621-15, formerly R.L.H. 1955, § 222-15, provides that in case any defendant in a criminal proceeding neglects or declines to offer himself as a witness, "no inference shall be drawn prejudicial to the accused by reason of such neglect or refusal, nor shall any argument be permitted tending to injure the defense of the accused person on account of such failure to offer himself as a witness."

There is no question that an admonitory instruction is required under our statute, if such instruction is requested by the defense. See *Bruno* v. *United States,* 308 U.S. 287 (1939). Where there is no request, the prevailing view under statutes similar to ours is that such instruction is not required but may be given sua sponte by the court. *Becher* v. *United States,* 5 F.2d 45 (2nd Cir. 1924), *cert. denied,* 267 U.S. 602 (1925); *Fogler* v. *State,* 96 Fla. 68, 117 So. 694 (1928); *State* v. *Graves,* 21 N.M. 556, 157 P. 160 (1916).

The question here is whether it is proper for a trial court to give an admonitory instruction when the defense not only does not request but objects to the giving of such instruction. Appellant contends that the question should be answered in the negative for two reasons: first, such instruction is prejudicial to accused in that it highlights to the jury his failure to testify, contrary to his plan of defense to divert the attention of the jury from that fact; and, second, such instruction constitutes comment on accused's failure to testify proscribed under the fifth amendment to the United States Constitution, as construed in *Griffin* v. *California,* 380 U.S. 609 (1965).

In our opinion, a trial court may well be advised not to give an admonitory instruction when the defense ob-

jects, but the giving of such instruction over the objection is not error. We cannot see how an identical instruction will affect a jury differently by the fact that, unbeknown to it, in one case there was an objection and in the other there was not. *Ferguson* v. *State,* 52 Neb. 432, 72 N.W. 590 (1897). We agree with the following statement in *United States* v. *Garguilo,* 310 F.2d 249, 252 (2nd Cir. 1962) :

"Not disputing that an instruction on the subject could hardly have been better phrased, assigned counsel for Garguilo argues that it is error for the judge to give any instruction unless requested by the defendant to do so, since there is a risk that, the failure to testify being thus spotlighted, the light will penetrate the curtain sought to be drawn over it. * * *

"* * * It is far from clear that such an instruction is prejudicial to a defendant; the chances are rather that it is helpful. The jurors have observed the defendant's failure to take the stand; in the absence of instruction, nothing could be more natural than for them to draw an adverse inference from the lack of testimony by the very person who should know the facts best."

Also, in our opinion, *Griffin* v. *California* does not proscribe the giving of an admonitory instruction such as was given here. The specific holding in that case is that "the Fifth Amendment, in its direct application to the Federal Government, and in its bearing in the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or *instructions by the court that such silence is evidence of guilt.*" (Emphasis supplied.) There is nothing in the instruction given here that even intimated that appellant's failure to testify evidenced his guilt.

Appellant cites *People* v. *Molano,* 253 Cal. App. 2d

841, 61 Cal. Rptr. 821 (1967). In that case, the California Court of Appeal, Second District, Division 4, held that the instruction given there was improper under *Griffin* v. *California,* and stated:

> "Since Griffin v. State of California * * * either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt, are forbidden. Defendant contends, and we believe correctly so, that to give this instruction when he did not want it to be given, was tantamount to making a 'comment' proscribed by *Griffin*. The argument being that such an instruction highlights and emphasizes the fact that the accused did not take the stand."

We think that *People* v. *Molano* misapplied *Griffin* v. *California,* and that a correct view is set forth in *People* v. *Hernandez,* 70 Cal. Rptr. 330 (Cal. App. 1968), a later case decided by Division 1 of the same court. There, the court stated, after repeating the precise holding in *Griffin* v. *California:*

> "* * * The purpose of the *Griffin* rule is to prevent a citizen's exercise of his constitutional privilege from being judicially emphasized as *affirmative evidence against him*. * * * It is plain that the instruction given herein * * * is not of the variety dealt with in *Griffin,* supra, * * *; and as yet the United States Supreme Court has not extended its holding in *Griffin* to preclude the giving of such instruction."

Affirmed.

*Sanford J. Langa (Crockett and Langa* of counsel) for appellant.

*Arthur T. Ueoka,* Deputy County Attorney, County of Maui *(Kase Higa,* County Attorney, with him on the brief), for appellee.

I disagree with the court's decision.

I agree with the majority that under the provisions of HRS § 621-15, when such instruction is requested by a defendant it is incumbent upon the trial judge to give the instruction. *Bruno* v. *United States,* 308 U.S. 287 (1939). However, it does not follow that it is not prejudicial error for a trial judge to give such instruction over the objection of the defense.

The constitutional right against self-incrimination is basis for the statute as well as the admonitory instruction. The general rule is that the privilege not to give self-incriminatory evidence is a personal right which may be invoked or waived only by the person entitled to it. *United States* v. *White,* 322 U.S. 694 (1944); *State* v. *Vincent* 51 Haw. 40, 450 P.2d 996 (1969), *Republic of Hawaii* v. *Parsons,* 10 Haw. 601 (1896).

It is correct that *Griffin* v. *California,* 380 U.S. 609 (1965) does not specifically proscribe the giving of an admonitory instruction over the objection of defendant; however, after a careful study of *Bruno* v. *United States, supra,* and *Griffin,* I am of the opinion that it was prejudicial error for the trial judge to give the instruction. The instruction, I believe, reminded the jury that defendant had not testified and spotlighted that fact.

The majority decision at page 3 quotes with approval from *United States* v. *Garguilo,* 310 F.2d 249, 252 (2nd Cir. 1962) to wit:

"It is far from clear that such an instruction is prejudicial to a defendant; the chances are rather that it is helpful. The jurors have observed the defendant's failure to take the stand; in the absence of instruction, nothing could be more natural than for them to draw an adverse inference from the lack of testimony by the very person who should know the facts best."

I cannot agree with the foregoing reasoning. It was

for defendant to decide whether to invoke or waive his constitutional right and no court should be permitted to invoke this right for him against his will. Here the defense considered it prejudicial and harmful to have the instruction given to the jury—he made the choice. He and he alone had the right to make the choice.

I would reverse.

*Joseph A. Ryan* (*Helen B. Ryan* on the briefs, *Ryan & Ryan* of counsel) for appellants.

*Anthony B. Craven* (*Harold W. Conroy* with him on the brief, *Henshaw, Conroy & Hamilton* of counsel) for appellees Arthur S. Asayama, Sueo Asayama and Hazel Asayama.

*Donald A. Beck* (*Smith, Wild, Beebe & Cades* of counsel) for appellees Carl Y. Watanabe, Wataru K. Watanabe and Violet T. Watanabe.