**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph Richard WICK, Defendant-Appellant.**

**No. 17301.**

United States Court of Appeals Seventh Circuit.

Aug. 19, 1969.

Certiorari Denied Dec. 8, 1969.

See 90 S.Ct. 436.

Joseph Howlett, Leonard Bornschein, Shaw, Hanks & Bornschein, by Charles M. Shaw, Clayton, Mo., for defendant-appellant.

Richard E. Eagleton, U. S. Atty., Herman C. Runge, Jr., John W. Roberts, Asst. U. S. Attys., Springfield, Ill., for plaintiff-appellee.

Before DUFFY, Senior Circuit Judge, KERNER, Circuit Judge, and BEAMER, District Judge.[1]

KERNER, Circuit Judge.

Defendant Joseph Richard Wick, was indicted on three counts for violation of 18 U.S.C. § 472, uttering and possessing counterfeit obligations of the United States with intent to defraud. A jury found defendant guilty on all counts and defendant appeals.

On August 11, 1966, defendant picked up Joseph Foley in a 1960 Dodge and drove to Edwardsville, Illinois. In Edwardsville, defendant and Foley went to a card shop. They bought some cards with a counterfeit ten dollar bill. Defendant then went to a clothing store and gave the owner a ten dollar bill for the purchase of a $1.00 pair of socks. The owner of the clothing store refused to accept the bill because he thought it was counterfeit. The owner of the store followed defendant to a 1960 Dodge where he saw defendant put a package in the car. Defendant was arrested at the car

1. Judge George N. Beamer is sitting by designation from the United States District Court for the Northern District of Indiana.

with Foley and a woman, Norine Greenberg. In towing the car to the police station an employee for the towing company found a box of counterfeit ten dollar bills in the glove compartment.

The woman at the card store and the owner of the clothing store identified the defendant as the one who gave them counterfeit ten dollar bills. At the police station defendant admitted that he knew Foley but denied knowing Norine Greenberg. Norine Greenberg later testified that she was defendant's sister.

■ Defendant attacks the testimony of Agent Allen who interviewed him at the police station because of the agent's failure to give defendant the proper warnings under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966). The agent testified:

> I advised him of the fact that he did not have to tell me anything; that anything he told me could possibly be used in Court against him; I advised him of the fact that he had a right to an attorney; I advised him of the fact that if he couldn't afford an attorney, the Government had provisions whereby they would appoint one for him; I advised him that if he chose to answer my questions, he could stop answering questions at any time. And I think that's complete, so far as the advice of the rights are concerned, I think I remember it all.

The Court in *Miranda* said that the defendant should be told "that anything said can and will be used against * *" him. 384 U.S. at 469, 86 S.Ct., at 1625. We do not think that the defendant was prejudiced by the use of the words "could possibly be used. * * *" Since during the interrogation defendant refused to answer any questions regarding the counterfeit money, it is evident he understood the warnings.

■ During the trial Agent Colquhoun testified that at the interrogation he heard Agent Allen ask the defendant where he obtained the counterfeit notes and defendant refused to answer the question. This conversation also was briefly mentioned in the closing argument of the government attorney. Defendant claims that these statements violated his fifth amendment privilege against self-incrimination and that he was prejudiced. In Miranda v. Arizona, 384 U.S. 436, 468 n. 37, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966), the Court extended Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), and held that a defendant's refusal to answer questions at an interrogation could not be used at trial. We agree with defendant that it was error to introduce defendant's reliance on his fifth amendment privilege at the interrogation in the trial. However, we find that the error was harmless. The Court in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), held that for error to be harmless it must be "harmless beyond a reasonable doubt. * * *" 386 U.S. at 24, 87 S.Ct. at 828. In Chapman the state's attorney commented extensively upon the defendants' refusal to testify and interwove their refusal into his entire argument to the jury. Here, the two statements, one by the witness and one by the government attorney, amidst the overwhelming evidence against the defendant including two positive identifications, could not have contributed to the jury's verdict, and we do not think that he was prejudiced. *Cf.* Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (June 2, 1969).

■ Defendant also alleges that it was prejudicial error to give the following instruction over his objection:

> A defendant has the absolute right not to testify, and the jury must not draw a presumption of guilt or any inference against the defendant because he did not testify.

In Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257 (1939), the Court held that it was error to refuse defendant's request for the instruction. Courts have also held that it is not error for the district judge to give the instruction *sua sponte*. United States v.

Garguilo, 310 F.2d 249 (2d Cir. 1962); Hanks v. United States, 388 F.2d 171 (10th Cir. 1968). There is no evidence that such an instruction has a prejudicial effect but rather it is thought to be helpful. United States v. Garguilo, 310 F.2d at 252. Here, the instruction may have helped to cure any error created by the testimony of the agent and the comment of the government attorney. United States v. Agueci, 310 F.2d 817, 831 (2d Cir. 1962). We do not think it was error to give the instruction in the face of defendant's objection. United States v. Schwartz, 398 F.2d 464, 469–470 (7th Cir. 1968).

For the foregoing reasons, the judgment of the district court is affirmed.

Affirmed.