555 P.2d 636

**STATE of Arizona, Appellee,**

v.

**Larry PIPER, Appellant.**

No. 3343.

Supreme Court of Arizona,
En Banc.

Sept. 23, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Shirley H. Frondorff Asst. Attys. Gen., Phoenix, for appellee.

Robert L. Stoors, Phoenix, for appellant.

HAYS, Justice.

The appellant, Larry Piper, was convicted by a jury of the crime of robbery on August 26, 1975. On October 27, 1975 he was sentenced to not less than 10 years nor more than life. We have jurisdiction pursuant to the Arizona Constitution, art. 2, § 24, art. 6, § 5, and A.R.S. §§ 13–1711 and 12–120.21(A)(1).

Three codefendants and appellant were tried jointly. Their defense counsel were successful in a suppression motion brought before trial. Suppressed were several highly incriminating items, such as a toy gun used to frighten and threaten the victim; a "nunchuk," a type of weapon used after the robbery to beat the victim; bloody clothing belonging to the codefendants; several statements made by the codefendants; and a photographic line-up identification of all the codefendants by the victim. Appellant's three codefendants were subsequently granted new trials because appellant's counsel chose to ignore the suppression of the photographic identification, and asked questions about it during trial, over objection by the codefendants.

Appellant's first contention that the trial court erred stems from the questioning of a police officer and the answer elicited. During cross-examination of Officer Stovall, the officer who conducted the photographic line-up, defense counsel asked:

"Q. In the police procedures in investigation, what part did you play? In other words, did all the information come to you as the follow-up detective or what?

"A. Most generally this is what occurs. In this particular case, I took the original report from the victim; I conducted the photo line-up . . . and I also interviewed one of the suspects."

Although not objected to immediately, later in chambers and out of the jury's hearing, defense counsel for appellant asserted that this answer by Officer Stovall constituted

**392**

grounds for mistrial. His motion was denied.

■ On appeal, the issue is, did Officer Stovall's answer impermissibly refer to the suppressed statement of appellant, thereby violating the exclusionary rule and causing reversible error?

We think the answer is clearly no. The statement alone (and it does stand alone) implies no statement or confession by any of the defendants. Moreover, the answer was invited by defense counsel's question.

In far more serious situations we have found no reversible error in the court's failing to grant a mistrial. *See State v. Ybarra,* 97 Ariz. 200, 398 P.2d 905 (1965); *State v. Favors,* 92 Ariz. 147, 375 P.2d 260 (1962); *State v. Gallegos,* 99 Ariz. 168, 407 P.2d 752 (1965); and *State v. White,* 101 Ariz. 164, 416 P.2d 597 (1966). Appellant's argument here borders on the frivolous.

The second issue raised by appellant is that the trial court committed reversible error under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and under 17 A.R.S., Rules of Criminal Procedure, rule 15.1, in failing to require the victim to reveal on cross-examination at trial the names of his companions in the hours preceding the robbery and beating incident. Appellant argues that the victim's credibility is in issue and this discovery could have revealed potential witnesses who may have given testimony regarding the victim's sobriety and his ability to observe and remember. However, appellant made no pretrial motion for the discovery.

■ Appellant's reliance on *Brady v. Maryland* is misplaced. *Brady* dealt only with the state's failure to disclose. There is no real contention here that the state withheld any material evidence from appellant. Its duty with regard to 17 A.R.S., Rules of Criminal Procedure, rule 15.1(d), has been met. The victim does not become an agent of the state simply by his cooperation. *State v. Kevil,* 111 Ariz. 240, 527 P.2d 285 (1974).

Appellant's real argument is with the trial judge who refused, in his discretion, to compel the disclosures requested under Rule 15.1(e).

■■ In the absence of clear abuse of discretion, the Supreme Court will not modify a ruling of a trial court under Rule 15.1(e), *State v. Kevil, supra.* Where there is no evidence, beyond defense assertions, insinuations and speculation, that the prosecution witness was drunk, under the influence of drugs, or otherwise incapacitated, the trial court's failure to order the witness to produce names of persons he was with earlier in the evening before the robbery was not an abuse of discretion.

■ Finally, appellant waived this discovery by failure to make his discovery motion within the time limits of 17 A.R.S., Rules of Criminal Procedure, rule 16.1(b). His failure to so move prior to trial precludes him from raising this issue on appeal. 17 A.R.S., Rules of Criminal Procedure, rule 16.1(c); *State v. Vitale,* 23 Ariz.App. 37, 530 P.2d 394 (1975).

Appellant's third and final issue merits considerable discussion: should this court's holding in *State v. McAlvain,* 104 Ariz. 445, 454 P.2d 987 (1969), *cert. denied,* 396 U.S. 1023, 90 S.Ct. 597, 24 L.Ed.2d 516 (1970), be extended to the proposition that where defense counsel specifically objects to the giving of Recommended Arizona Jury Instruction, Criminal Standard 8, it is reversible error to give it? That instruction reads:

> The state must prove all of its case against the defendant with evidence that the state itself gathers. Therefore the defendant is not required to testify. The decision on whether to testify is left to the defendant, acting with the advice of his attorney. You must not conclude that the defendant is likely to be guilty because he does not testify. You must not discuss this fact or let it affect your deliberations in any way.

In *State v. McAlvain* we said that it is ". . . better practice for the trial

judge to give the instruction . . . [RAJI 8] . . . only if . . . requested by the defendant, but it is not reversible error if . . . given without request." 104 Ariz. at 448, 454 P.2d at 990.

In the instant case, three of the codefendants objected to the trial court's giving, sua sponte, RAJI 8. The fourth defendant stood mute on the subject.

Appellant argues that the "logical extension" of *McAlvain* is that if defense counsel specifically requests that RAJI 8 not be given, but it is given anyway, it should amount to reversible error.

This argument has been presented in many cases, but rarely successfully, and we decline to extend *McAlvain* in such a way.

■ The trial court is required, we now hold, to give this instruction upon request of a defendant. A.R.S. § 13–163(B); *State v. Dean*, 8 Ariz.App. 508, 447 P.2d 890 (1968); *State v. Hale*, Or.App., 537 P.2d 1173 (1975); *Kimmel v. People*, 172 Colo. 333, 473 P.2d 167 (1970); *State v. Baxter*, 51 Haw. 157, 454 P.2d 366 (1969), *cert. denied*, 397 U.S. 955, 90 S.Ct. 984, 25 L.Ed.2d 138 (1970).

■ It is certainly not reversible error if the instruction is given without request. *State v. Wheeler*, 108 Ariz. 338, 498 P.2d 205 (1972); *State v. McAlvain, supra*. In a joint trial, a court must give the instruction to a jury upon request of one codefendant, even where other codefendants may object. *State v. Dean, supra; United States v. Epperson*, 485 F.2d 514 (9th Cir. 1973); *United States v. Schroeder*, 433 F.2d 846 (8th Cir. 1970), *cert. denied*, 401 U.S. 943, 91 S.Ct. 951, 28 L.Ed.2d 244 (1971); *United States v. Kelly*, 349 F.2d 720 (2d Cir. 1965), *cert. denied*, 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966); *Caton v. United States*, 407 F.2d 367 (8th Cir. 1969), *cert. denied*, 395 U.S. 984, 89 S.Ct. 2149, 23 L.Ed.2d 773 (1969); *United States v. Russo*, 413 F.2d 432 (2d Cir. 1969). There is no right, in the federal circuit courts, of defendants to insist the instruction *not* be

given. *United States v. Williams*, 172 U.S. App.D.C. 290, 521 F.2d 950 (1975), and several of the federal circuits, as well as several states, have held that it is not erroneous to give the instruction over the defendant's objections, even when there are no codefendants requesting it. *United States v. Bailey*, 526 F.2d 139 (7th Cir. 1975); *United States v. Wick*, 416 F.2d 61 (7th Cir. 1969), *cert. denied*, 396 U.S. 961, 90 S.Ct. 436, 24 L.Ed.2d 425 (1969); *United States v. Schwartz*, 398 F.2d 464 (7th Cir. 1968), *cert. denied sub nom. Pyne v. United States*, 393 U.S. 1062, 89 S.Ct. 714, 21 L.Ed.2d 705 (1969); *Kimmel v. People, supra; State v. Baxter, supra.*

■ The rationale in most of these cases is (1) that the instruction is basically a helpful one to the defendant and (2) defendants, generally, were unable to show any actual prejudice from the giving of such an instruction, as long as it was in proper form; *i.e.*, stated the law properly. We, however, tend to agree with the court in *State v. Baxter, supra*, where it said:

"We cannot see how an identical instruction will affect a jury differently by the fact that, unbeknown to it, in one case there was an objection and in the other there was not. . . ." 454 P.2d 366, 367.

It defies logic as we see it, to state that, in a joint trial, where one codefendant requests the instruction and another objects, it is not reversible error to give the instruction; but where there is no codefendant requesting the instruction, and it is still given over the objection of a defendant, *i. e.*, sua sponte, it suddenly becomes reversible error. To put it another way, we agree with the Arizona Court of Appeals in *State v. Dean, supra*:

". . . [T]he court may never err in giving an instruction on failure to testify, assuming that the contents of the instruction itself are adequate. . . ." 8 Ariz.App. 508, 513, 447 P.2d 890, 895.

We do reiterate our admonition in *McAlvain, supra*, to trial judges, however, where not requested, and especially where

objected to by a defendant (except in the case of conflict between codefendants), the better practice is to *not* give the RAJI 8 instruction.

Judgment and sentence affirmed.

HOLOHAN and GORDON, JJ., concurring.

STRUCKMEYER, Vice Chief Justice (dissenting) :

It is my opinion that where a defendant does not choose to testify at his trial, it is reversible error for the court, over the defendant's objection, to instruct the jury on the failure to testify. The instruction pointedly calls to the attention of the jurors the fact that although the defendant had the right to testify, he had some personal reason for not doing so. It invites the jury to speculate on the reason.

CAMERON, Chief Justice.

I concur with the dissent of Vice Chief Justice STRUCKMEYER.