NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Petitioner*,

*v.*

THE HONORABLE JOSE S. PADILLA, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge*,

TRENT XAVIER BOUHDIDA, SR., *Real Party in Interest*.

No. 1 CA-SA 17-0124
FILED 5-23-2017

Appeal from the Superior Court in Maricopa County
No. CR 2016-000961-001
The Honorable Jose S. Padilla, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Petitioner*

The Law Offices of Rodrick S. Carter PC, Phoenix
By Rodrick S. Carter
*Advisory Counsel to Real Party in Interest*

Trent Xavier Bouhdida, Sr., Phoenix
*Real Party in Interest*

## MEMORANDUM DECISION

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**B E E N E**, Judge:

**¶1**        The State of Arizona ("State") seeks special action relief from a ruling by the superior court requiring it to obtain from the City of Tempe a police officer's personnel file and disclose that file the next business day. For the following reasons, we accept jurisdiction and grant relief.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**        In January 2016, a grand jury returned an indictment charging Trent Xavier Bouhdida with four counts of sale or transportation of marijuana.    Later that month, the superior court granted Bouhdida's request to proceed *pro se* with the assistance of advisory counsel.

**¶3**        At the final trial management conference on April 28, 2017, Bouhdida requested a continuance, alleging that, although the State "provided [him] with the police reports, [he] fe[lt] like everything is not in there."    Bouhdida's advisory counsel claimed that, based on records Bouhdida obtained in response to a public records request to the Tempe Police Department, there was possible *Brady* material[1] regarding an undercover officer involved in the case that had not been disclosed.

**¶4**        The State informed the superior court that the officer in question was not in the Maricopa County Attorney's Office ("MCAO") Integrity Database, which contains potential *Brady* material on police officers, and is separate and distinct from the officer's Tempe Police Department personnel file.    Although Bouhdida already possessed the officer's personnel file from the Tempe Police Department, the superior

---

[1]     *See Brady v. Maryland*, 373 U.S. 83 (1963); *Cone v. Bell*, 556 U.S. 449, 469-70 (2009) ("[E]vidence is 'material' within the meaning of *Brady* when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different.").

court ordered the State to disclose the officer's personnel file to Bouhdida by May 1, 2017, the next business day.

**¶5** The State filed this special action petition, asking this Court to accept jurisdiction and grant relief by vacating the superior court's order requiring the State to produce the officer's personnel file.

## DISCUSSION

**¶6** The State argues that the superior court abused its discretion by requiring production of the officer's personnel file without a threshold showing of substantial need or undue hardship by Bouhdida, contrary to Arizona Rule of Criminal Procedure 15.1(g).

**¶7** It is appropriate that this Court exercise our discretion and accept jurisdiction of this special action. First, the State has no equally plain, speedy, or adequate remedy by appeal. *See* Ariz. R.P. Spec. Act. 1(a). Second, the issue raised in this special action involves a question of law relating to the application of procedural rules and is "of statewide importance to the judiciary and the litigants who come before it on criminal matters." *Bergeron ex rel. Perez v. O'Neil*, 205 Ariz. 640, 646, ¶ 12 (App. 2003).

**¶8** We review a superior court's decision to compel disclosure under Rule 15.1 for an abuse of discretion. *See State v. Piper*, 113 Ariz. 390, 392 (1976). And although the superior court is in the best position to rule on discovery requests, it "abuses its discretion when it misapplies the law or predicates its decision upon irrational bases." *State v. Fields*, 196 Ariz. 580, 582, ¶ 4 (App. 1999) (internal quotations omitted).

**¶9** Under Arizona Rule of Criminal Procedure 15.1(b) and *Brady*, the State has a duty to make a timely disclosure of all "material or information which tends to mitigate or negate the defendant's guilt." However, if a defendant requests material or information not otherwise covered by Rule 15.1, the defendant must show a "substantial need" for the requested material or information, and that the defendant "is unable without undue hardship to obtain the substantial equivalent by other means." Ariz. R. Crim. P. 15.1(g).

**¶10** Here, there is no showing the State failed to comply with its duty to disclose exculpatory material regarding the officer in accordance with Rule 15.1(b) and *Brady*. The superior court, however, ordered the State to produce the officer's personnel file without requiring Bouhdida to make the necessary showings pursuant to Rule 15.1(g). The superior court did not require that Bouhdida establish a substantial need for the officer's

personnel file, nor did the court require Bouhdida to establish that he could not obtain the requested material without undue hardship. By compelling the State to produce the officer's personnel file without complying with the procedure as set forth in Rule 15.1(g), the superior court abused its discretion. *See Fields*, 196 Ariz. at 583-84, ¶¶ 9-10 (holding that the superior court abused its discretion when ordering the State to allow defendants access to the crime lab because defendants failed to show substantial need for such evidence).

## CONCLUSION

¶11      For the foregoing reasons, we accept jurisdiction and vacate the superior court's April 28, 2017 order requiring the State to obtain from the City of Tempe a police officer's personnel file and disclose that file to Bouhdida.



AMY M. WOOD • Clerk of the Court
FILED: AA