NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Petitioner*,

*v.*

THE HONORABLE KATHERINE COOPER, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge,*

THERON CHAMBERS III, *Real Party in Interest.*

No. 1 CA-SA 20-0012
FILED 3-12-2020

Petition for Special Action from the Superior Court in Maricopa County
No.  CR2019-133326-001
The Honorable Katherine M. Cooper, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Jeffrey L. Sparks
*Counsel for Petitioner*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey B. Cloud
*Counsel for Real Party in Interest*

_____

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge D. Steven Williams joined.

_____

**J O N E S**, Judge:

**¶1**        The State petitions for special action relief from the trial court's order requiring the victims of a burglary to make their home available to defense counsel for a one-hour inspection. For the following reasons, we accept jurisdiction and grant relief.

## FACTS AND PROCEDURAL HISTORY

**¶2**        On May 4, 2019, the victims returned home to find two video game systems, two cameras, and two laptops missing. A window, accessible via a fenced backyard, was open. Two latent fingerprints lifted from the exterior of the window were matched to Theron Chambers III, the Real Party in Interest, who lived next door but was unknown to the victims. Although Chambers denied involvement, he was charged with one count of second-degree burglary.

**¶3**        In December 2019, Chambers moved for an order requiring the victims to make their home available for an inspection. Chambers argued the home was "the heart of the State's case," but the State had not disclosed any information about the layout of the home, the location of the missing items prior to the burglary, or the surfaces within the home where other forensic evidence might have been recoverable. Chambers also asserted "the measurements on the window, it's [sic] height from the ground, length and width of the ledge, [and] the numerous areas in the home that could have been touched by the perpetrator" could exculpate him or be relevant to impeach the investigating officers and victims. Thus, Chambers urged the trial court to find that his due process right to obtain this information outweighed the victims' right to refuse a discovery request under the Victims' Bill of Rights. *See* Ariz. Const. art. 2, § 2.1.

**¶4**        The trial court granted the motion over the State's objection and entered an order authorizing Chambers' counsel and his associate to conduct a one-hour daylight inspection of the interior and exterior of the victims' home. In doing so, the court noted:

The court does want to point out . . . that the Victim[s] did make . . . their home available to the prosecution by allowing police officers in to investigate. So they were willing to allow third parties in for that purpose, and I appreciate the issue of having people into your home. I appreciate the rights that the Victim has in this case as well as the Defendant's rights, and I agree with [defense counsel] that this is a — this is an interesting issue, because it is a weighing or balancing of both the rights of the Victim and the rights of the Defendant in this case.

¶5        The State petitioned for special action relief on the victims' behalf. *See* Ariz. Rev. Stat. (A.R.S.) § 13-4437(A)[1] (authorizing a victim to pursue a special action to enforce rights guaranteed by the Arizona Constitution and challenge orders denying those rights), (C) ("At the request of the victim, the prosecutor may assert any right to which the victim is entitled."). This Court stayed enforcement of the order pending resolution on the merits. Because the victims have no adequate remedy by appeal and the petition presents a legal question that may arise again, we accept jurisdiction of the special action. *See* Ariz. R.P. Spec. Act. 1(a); *R.S. v. Thompson*, 247 Ariz. 575, 577-78, ¶ 7 (App. 2019).

## DISCUSSION

¶6        The State argues the trial court abused its discretion in granting Chambers access to the victims' home. "A court abuses its discretion if it commits an error of law in reaching its decision." *State v. Martinson*, 241 Ariz. 93, 96, ¶ 13 (App. 2016) (citing *State v. Cowles*, 207 Ariz. 8, 9, ¶ 3 (App. 2004)). We review both the legal principles underlying a discovery ruling and constitutional issues *de novo*. *R.S.*, 247 Ariz. at 578, ¶ 8 (citing *State v. Zeitner*, 246 Ariz. 161, 164, ¶ 8 (2019)); *State v. Connor*, 215 Ariz. 553, 557, ¶ 6 (App. 2007) (citing *Emmett McLoughlin Realty, Inc. v. Pima Cty.*, 212 Ariz. 351, 355, ¶ 16 (App. 2006)).

¶7        The Arizona Constitution grants crime victims the right "[t]o refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant." Ariz. Const. art. 2, § 2.1(A)(5). When the exercise of the victim's constitutional right conflicts with the defendant's due process rights under the U.S. and Arizona Constitutions, "due process is the

---

[1]      Absent material changes from the relevant date, we cite the current version of rules and statutes.

superior right." *State ex rel. Romley v. Superior Court* (*Roper*), 172 Ariz. 232, 236 (App. 1992).

**¶8**        "Due process requires that a defendant receive a fundamentally fair trial, including 'a meaningful opportunity to present a complete defense.'" *R.S.*, 247 Ariz. at 579, ¶ 14 (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984), and citing *Oshrin v. Coulter*, 142 Ariz. 109, 111 (1984)). But we have recently reiterated that "a defendant does not have a general constitutional right to discovery from a third party" under either the Arizona or U.S. Constitutions. *Id.* at 581, ¶ 22. Accordingly, a victim's constitutional rights yield only in the exceptional case where the specific circumstances render the discovery sought of constitutional magnitude, *id.* at ¶¶ 21-22; *Connor*, 215 Ariz. at 561, ¶ 22 — that is, where the denial of access to the evidence fatally infects the trial and renders the proceedings fundamentally unfair, *see State v. Smith*, 215 Ariz. 221, 233, ¶ 54 (2007) (quoting *Lisenba v. California*, 314 U.S. 219, 236 (1941)).

**¶9**        "Due process is flexible and calls for such procedural protections as the particular situation demands." *Samiuddin v. Nothwehr*, 243 Ariz. 204, 211, ¶ 20 (2017) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976)). Chambers' asserted need for an inspection of the victims' home here does not implicate due process. Chambers complains that law enforcement's investigation of the burglary did not yield any photographs or documentation regarding the appearance and layout of the victims' home, the locations of the missing items, or the possible surfaces upon which additional forensic evidence may have been located. But he does not explain how this information would tend to exculpate him or discredit any witnesses, and his conclusory assertions that the information is "necessary for the defense" and "may be relevant in order to impeach the victims, police officers, and/or other witnesses" are insufficient. *See Connor*, 215 Ariz. at 557-58, ¶¶ 4, 11 (affirming the trial court's order denying a defendant access to the murder victim's medical records despite the defendant's assertion that the information "may be exculpatory" and would "likely solidify" his claim of self-defense).

**¶10**        Nor do we find the evidence sought to be essential to Chambers' defense. The nature of the request suggests Chambers seeks to challenge the State's factual theory that a burglar entered the victims' home through the open window, and/or suggests reasonable doubt exists regarding Chambers' identity as the perpetrator in light of the assertedly less-than-thorough investigation. A site inspection might reveal relevant evidence, but more is required to implicate due process. *See R.S.*, 247 Ariz. at 581, ¶ 21 (noting that a "mere relevance" test provides no meaningful

safeguard for protected information) (citing *Jaffee v. Redmond*, 518 U.S. 1, 18 (1996), and *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)). Chambers can obtain information regarding the appearance and layout of the victims' home and the nature and extent of the investigation through interviews with the investigating officers. Thus, the inspection is not necessary to substantiate the defense theories implicated by Chambers' request.[2] *See Connor*, 215 Ariz. at 559, ¶¶ 15-16, 18, 22-23, 27 (finding no need "of constitutional dimension" where the information sought was either inadmissible or could have been obtained through other means); Ariz. R. Crim. P. 15.1(g) (authorizing the trial court to order "any person to make available to the defendant material or information . . . if the court finds: (A) the defendant has a substantial need for the material or information to prepare the defendant's case; and (B) the defendant cannot obtain the substantial equivalent by other means without undue hardship").

¶11            The trial court here described Chambers' motion to inspect the victims' home as involving "a weighing or balancing of both the rights of the Victim[s] and the rights of the Defendant." Because Chambers' motion does not raise an issue of constitutional magnitude, he does not have a due process right to the discovery, and application of a balancing test was error. Accordingly, we vacate the order permitting Chambers' counsel to inspect the victims' home.

---

[2]            The State is also required to affirmatively disclose evidence in its possession that is "both favorable to the defendant and material to guilt or punishment." *R.S.*, 247 Ariz. at 578, ¶ 9 (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and *United States v. Bagley*, 473 U.S. 667, 682 (1985)). Although Chambers suggests the State has a right of access to the victims' home by virtue of their report to law enforcement, "[t]he victim does not become an agent of the state simply by his cooperation." *State v. Piper*, 113 Ariz. 390, 392 (1976) (citing *State v. Kevil*, 111 Ariz. 240, 243 (1974)). Moreover, Chambers does not contend that the information he seeks regarding the layout, measurements, and composition of the home is currently in the State's possession. Accordingly, the State's disclosure obligations are not at issue here.

## CONCLUSION

¶12      We accept jurisdiction and grant relief.  The trial court's order is vacated, rendering our stay of the order moot.



AMY M. WOOD • Clerk of the Court
FILED:  AA