4 P.3d 1039

**STATE of Arizona, Appellee,**

v.

**Charles MARSHALL, Appellant.**

**No. 1 CA–CR 99–0105.**

Court of Appeals of Arizona,
Division 1, Department E.

April 20, 2000.

Janet Napolitano, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Consuelo M. Ohanesian, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Anna M. Unterberger, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

GERBER, Judge.

¶ 1 The defendant, Charles Marshall, appeals from his convictions and sentences on seventeen counts of sexual conduct with a minor under the age of fifteen, three counts of molestation of a child and one count of sexual exploitation of a minor under fifteen, all committed against his girlfriend's sister. He raises the following issues on appeal: (1) that the trial court erred in denying his request to sever counts; (2) that the trial court erred in denying his motion for a mistrial; (3) that the trial court improperly limited his arguments thereby depriving him of his defense; (4) that there was insufficient evidence to support the charges of child mo-

lestation; (5) that the trial court erred in refusing to give the jury a lesser-included offense instruction on the charge of sexual misconduct with a minor; and (6) that there was insufficient evidence to support the charges of sexual conduct with a minor. We disagree and affirm Marshall's convictions.

**Severance of Counts 17 and 18**

¶ 2 Marshall contends that the trial court erred in refusing to sever Counts 17 and 18 of the amended indictment, which charged Marshall with engaging in sexual conduct with the then nine-year-old victim in March 1995. The remaining crimes were allegedly committed against the victim, by then aged ten, over four days in October 1996. Marshall videotaped those offenses. Before trial, Marshall unsuccessfully sought to sever Counts 17 and 18 from the conduct appearing on the videotape.

■ ¶ 3 Arizona Rule of Criminal Procedure 13.3(a)(1)(1998) permits joinder of offenses that are of the same or similar character. If the offenses are joined solely by virtue of Rule 13.3(a)(1), a defendant is entitled to severance as a matter of right. *See* Ariz. R.Crim. P. 13.4(b) (Supp.1999). Nevertheless, denial of severance results in reversible error only if the evidence of other crimes would not have been otherwise admitted at trial for evidentiary purposes. *See State v. Stuard,* 176 Ariz. 589, 596–97, 863 P.2d 881, 888–89 (1993).

■ ¶ 4 Marshall claims that the trial court erred in concluding that joinder was proper because the evidence was admissible under Arizona Rule of Evidence 404(b) to prove common scheme or plan, motivation or intent and to rebut the noticed defenses, including lack of sexual motivation. We need not consider this contention, however, because the evidence admissible to prove the aberrant sexual acts charged in the other counts was also admissible to prove Marshall's propensity to commit Counts 17 and 18, and vice versa. *See State v. Jones,* 188 Ariz. 534, 539, 937 P.2d 1182, 1187 (App.1996) (finding 404(b) analysis unnecessary when similar sex offense committed against same victim was admissible to show defendant's lewd disposition or unnatural attitude toward particular victim).

¶ 5 Marshall concedes that evidence of other acts is admissible in sexual misconduct cases if relevant to show that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the crime charged. *See* Ariz. R. Evid. 404(c) (Supp. 1999). He claims, however, that reversal is required because the trial court failed to make formal findings from which it could be concluded (1) that Marshall committed the acts alleged in Counts 17 and 18; (2) that such acts would reasonably support an inference of aberrant sexual propensity; and (3) that the evidentiary value of the other acts was not outweighed by the danger of unfair prejudice. *See* Ariz. R. Evid. 404(c)(1).

■ ¶ 6 The victim testified that Marshall had committed each of the alleged acts. Even if, *arguendo,* her testimony alone was insufficient to constitute clear and convincing evidence that Marshall committed Counts 17 and 18, the videotape evidence of the remaining counts was sufficient proof that he had committed those acts to warrant their admission in a separate trial on Counts 17 and 18. *See State v. Terrazas,* 189 Ariz. 580, 582, 944 P.2d 1194, 1196 (1997) (requiring proof by clear and convincing evidence that defendant committed prior bad acts). Furthermore, that the acts were committed against the same victim and were similar·in nature justified the admission of evidence of each act in proof of the others. *See Jones,* 188 Ariz. at 539, 937 P.2d at 1187.

■ ¶ 7 The trial court expressly found that the prejudicial effect of joinder did not outweigh the probative value under Arizona Rule of Evidence 403. While the videotape evidence was certainly damning, we disagree with Marshall's contention that any risk of unfair prejudice outweighed the value of that evidence to prove Counts 17 and 18. Nor was the conduct alleged in Counts 17 and 18 so remote in time as to require severance. *See* Comment to 1997 Amendment to Rule 404 (Supp.1999) (rejecting bright-line test for remoteness, notwithstanding language to the contrary in *State v. Treadaway,* 116 Ariz. 163, 568 P.2d 1061 (1977)). Under the circumstances, the trial court's failure to set forth specific findings as required by Rule 404(c) was at most harmless error. Joinder

of the offenses did not deprive Marshall of a fair trial. *See* Ariz. R.Crim. P. 13.4(a) (Supp. 1999) (providing for severance if necessary to promote fair determination of guilt or innocence).

## Undisclosed Bad Acts

¶ 8 Marshall claims that the trial court erred in failing to declare a mistrial with respect to Counts 17 and 18 after the victim testified as to other uncharged bad acts committed by him. Count 17 charged Marshall with performing oral sex on the victim. Count 18 alleged that Marshall had the victim perform oral sex during the same occasion. During her trial testimony, the victim first described the act alleged in Count 18. The prosecutor, in an attempt to elicit testimony supporting Count 17, asked whether Marshall did anything to any part of the victim's body. She responded that Marshall had penetrated her vagina with his penis and his fingers. She then described the act alleged in Count 17. Surprised by the allegations of uncharged acts of digital and penile penetration, defense counsel objected under Arizona Rule of Evidence 404(b) and Arizona Rule of Criminal Procedure 15.1.

¶ 9 After an unrecorded bench conference, the trial court sustained the objection but did not instruct the jury to disregard any portion of the testimony. Defense counsel subsequently asked to make a record on the issue, contending that the court should have granted a mistrial or, alternatively, given a cautionary instruction. The court denied the motion for mistrial but afforded Marshall an opportunity to submit a curative instruction. He did not do so.

¶ 10 When a witness unexpectedly volunteers an inadmissible statement, the remedy rests largely within the discretion of the trial court. *See State v. Adamson,* 136 Ariz. 250, 262, 665 P.2d 972, 984 (1983). A declaration of a mistrial, the most dramatic remedy for trial error, should be granted only when it appears that justice will otherwise be thwarted. *See id.* We review a trial court's denial of a motion for mistrial under an abuse of discretion standard. *See State v. Gulbrandson,* 184 Ariz. 46, 62, 906 P.2d 579, 595 (1995).

¶ 11 Marshall concedes that the prosecutor was completely surprised by the victim's testimony yet contends that a mistrial was required as a sanction for the State's violation of the discovery rules. *See* Ariz. R.Crim. P. 15.1 (setting forth State's disclosure obligations). According to Marshall, the prosecutor's duty to disclose information possessed by persons within the prosecutor's control under Rule 15.1(d) includes a duty to predict the trial testimony of a victim, particularly when, as here, the victim has declined a defense interview.

¶ 12 Under certain circumstances, a prosecutor may be held accountable for the failure of those within her control to timely disclose material evidence. *See State v. Towery,* 186 Ariz. 168, 186–87, 920 P.2d 290, 308–09 (1996) (prosecutor could be accountable for failure of expert to transmit nine-month-old report until less than week before trial). However, Marshall cites no authority requiring the prosecutor to be clairvoyant. Nor do we believe that the discovery rules are subject to such a broad interpretation. *See State v. Mosley,* 119 Ariz. 393, 400, 581 P.2d 238, 245 (1978) (concluding that neither letter nor spirit of Rule 15.1 applied to situation where prosecutor first received notice of defendant's "track marks" during trial). Barring willful ignorance or other bad faith, a prosecutor cannot reasonably be required to disclose in advance information the victim unexpectedly reveals for the first time during trial. *See State v. Piper,* 113 Ariz. 390, 392, 555 P.2d 636, 638 (1976) (holding that victim does not become agent of state, for purpose of Rule 15.1(d), simply by cooperating with prosecutor).

¶ 13 Furthermore, a mistrial based upon a claim of evidentiary error is warranted only when the jury has been exposed to improper evidence and the error might have affected the verdict. *See Gulbrandson,* 184 Ariz. at 62, 906 P.2d at 595. Had the other acts been disclosed prior to trial, they would have undoubtedly been admissible either as evidence of Marshall's propensity to commit aberrant sex offenses upon the victim or because they were so much part and parcel of the criminal episode involving Counts 17 and 18 so as to be "intrinsic" to the charged

offenses. *See State v. Dickens,* 187 Ariz. 1, 18 n. 7, 926 P.2d 468, 485 n. 7 (1996) (intrinsic evidence includes that which is inextricably intertwined with charged crime or part of same criminal episode so as to be admissible absent a Rule 404(b) analysis).

¶ 14 Marshall has also failed to offer any explanation as to how his defense would have differed had the acts been timely disclosed. Contrary to his claim, it is unlikely that the victim's additional accusations would have unfairly prejudiced the jury against him on Counts 17 and 18, particularly given the videotape evidence relating to the other counts in the indictment. *See Towery,* 186 Ariz. at 186–87, 920 P.2d at 308–09 (rejecting defendant's challenge to admission of evidence based on untimely disclosure, absent showing of actual prejudice).

## Limitation on Defendant's Arguments

 ¶ 15 Marshall argues that the trial court improperly limited his argument, effectively depriving him of his defense. It is axiomatic that a criminal defendant is *always* free to challenge the sufficiency of the evidence with respect to an element or issue upon which the State bears the burden of proof, even without any advance notice of intent to do so. A defendant need not provide the prosecutor or the court with a preview of his case or his arguments, nor need he provide the prosecutor advance notice of the weaknesses in the State's case or identify evidence that the State should present to sustain its burden of proof.

¶ 16 In this case, the victim testified that she was twelve years old and in seventh grade at the time of trial. The offenses alleged in the indictment occurred when she was nine and ten. While settling jury instructions, Marshall's trial counsel disclosed his intention to argue to the jury that the State had failed to prove the victim's age and requested that the jury be provided with verdict forms requiring them to determine

whether the victim was over fifteen or under fifteen at the time of the offenses. The judge responded that she had not realized that age was an issue. The prosecutor complained that Marshall had never before alleged that the victim was over fifteen and stressed the sufficiency of the State's evidence on the issue. She also objected to defense counsel testifying as an expert on child development.[1]

¶ 17 Defense counsel countered that he had previously disclosed that he intended to challenge every element of the charges. He also told the court that he had no intention of presenting arguments about child development issues requiring expert testimony. Rather, he stated that the jury could make its own determination whether the victim was under or over fifteen by looking at the videotape itself and the testimony of the victim, and that he simply intended to argue inferences from the evidence.

¶ 18 As the discussion proceeded, the trial judge repeatedly suggested that defense counsel had a duty to provide some type of specific, advanced disclosure that he would challenge the sufficiency of the State's evidence of the victim's age. Defense counsel repeatedly responded that he had no such obligation and that he had noticed a defense of lack of proof. The substance of the exchanges is reflected in the following excerpts:

> THE COURT: Well, the fact that you gave us a form of verdict a few days ago with jury instructions doesn't mean to me that I realized at any time during the many times that you've been here and that there have been motions filed that there was ever an issue of a specific defense with regard to her age. That's what I'm saying to you is I'm flabbergasted, I guess.
>
> DEFENSE COUNSEL: ... I don't have to list it as a defense. It's an element of the case. I want a verdict form.

1. The prosecutor also complained that if Marshall were permitted to argue that the State had not met its burden with respect to the victim's age, she would be "hamstrung" as to how to respond. She argued that she would be precluded from responding that there was no evidence to refute the State's theory because to do so would constitute an improper comment on the defendant's failure to produce evidence. This argument ignores those cases holding that a prosecutor may argue a defendant's failure to present exculpatory evidence that would substantiate his theory, so long as the argument does not comment upon the defendant's silence. *See, e.g., Portuondo v. Agard,* 529 U.S. 61, 120 S.Ct. 1119, 146 L.Ed.2d 47 (2000); *State ex rel. McDougall v. Corcoran (Keen),* 153 Ariz. 157, 160, 735 P.2d 767, 770 (1987).

\* \* \*

THE COURT: Well, what I'm saying is, we went through this whole trial, we went through all the pretrial motions, we went through everything, and I had no idea that you were actually going to raise this as an issue or as a specific defense.

\* \* \*

DEFENSE COUNSEL: I don't think I have to tell you what my strategy is.

THE COURT: No but you do have to let people know what the defenses are.

DEFENSE COUNSEL: The defenses were listed long ago, reasonable doubt as to all elements of the charge.

THE COURT: Well, that's pretty generic.

\* \* \*

DEFENSE COUNSEL: I'm going to argue that [the victim's age] could have been the subject of expert testimony, number one. It could have been the subject of documentation. It could have been the subject of—if they have—jurors have a common experience where they can decide certain issues. This is one of them.

THE COURT: If you argue that, you didn't give [the prosecutor] any kind of notice that she needed to take care of that.

\* \* \*

THE PROSECUTOR: [Referring to defense counsel's intention to argue the State should have admitted school records to establish age.] You had school records, and you didn't raise this as an issue.

DEFENSE COUNSEL: I don't have to raise them, Wendy.

THE COURT: Well, I think you're ambushing her is what you're doing.

\* \* \*

THE COURT: ... I think you should have given notice that you were going to bring up age as an issue, and to do it at this late date is I think something that shouldn't be happening.

---

**2.** However, Marshall repeatedly requested to draw the jury's attention to certain physiological responses of the victim visible on the videotape which are not necessarily relevant to determin-

¶ 19 The court ruled that, because there was no expert testimony on the age issue, defense counsel would be precluded from arguing that jurors should look at the video and make their own common-sense decision whether the victim was the age she claimed to be. It also precluded him from arguing that the State should have introduced school records to establish the victim's age. However, the judge stated that she would allow defense counsel to "get away with" arguing that the victim lacked credibility and that the State should have introduced the victim's birth certificate.

¶ 20 On appeal, Marshall claims that the court effectively put a "gag order" on his trial counsel, depriving him of due process and a fair trial. The State responds by asserting that the court properly concluded that the issue of the victim's age was one for expert testimony. The State also contends that there was no evidence to support Marshall's proposed argument regarding the lack of proof of the victim's age because there was no testimony that the victim was over fifteen, citing *State v. Rivera*, 152 Ariz. 507, 517, 733 P.2d 1090, 1100 (1987) (defining "negative evidence" as testimony that a fact did not occur).

¶ 21 Contrary to the State's claim, Marshall was not seeking to argue facts not in evidence. With respect to the school records he did not intend to argue that documents existed to establish that the victim was over fifteen. Rather, he simply sought to point to a weakness in the State's case by arguing the failure of the prosecutor to introduce evidence required to meet its burden of proof. As to the videotape, Marshall was at least entitled to argue to jurors that they could consider the victim's appearance on the videotape in deciding whether the State had sufficiently proven the victim's age.[2] That the videotape wasn't "testimony" is beside the point; a criminal defendant can always direct jurors to use common sense in assessing whether the evidence that the State has presented proves guilt. Although

ing her age. Absent expert testimony on this point, we do not think the trial court erred by refusing to allow him to argue this to the jury.

expert testimony may help to establish a child's age, ordinary people routinely draw upon their personal experiences to estimate others' ages based upon appearance.

■ ¶ 22 We need not determine the exact extent to which the trial court erred. Notwithstanding the court's restrictions, Marshall's ability to argue his theory of the case was not significantly impaired. In closing argument, despite the trial court's erroneous ruling, defense counsel aggressively challenged the sufficiency of the evidence of the victim's age, arguing:

Well, ladies and gentlemen, what evidence have you seen, have you heard that this young lady is under the age of 15, other than what came out of her mouth? Did you see what would be a very simple document to prove guilt beyond a reasonable doubt? A birth certificate? No.

[The victim] testified that she was born in Glendale, Arizona. Not Glendale, Nicaragua; Glendale, Arizona. Birth certificates are readily available. To prove guilt beyond a reasonable doubt when one looks as [the victim] looks, you should bring in evidence, not just testimony. And I will get to testimony in just a second.

¶ 23 After arguing that the testimony of the victim and that of a police detective suggested that the victim was older than she claimed, defense counsel continued:

Age, ladies and gentlemen, is an important element of these charges. If you do not believe that age has been proven ... you must find not guilty, not guilty. So let's look at the evidence of age that we do have. [The victim] testified.

Counsel then recounted inconsistencies in the victim's testimony and her inability to understand simple questions and to recall events, arguing that her lack of credibility cast doubt upon her testimony regarding her age.

¶ 24 Thus, despite the trial court's earlier erroneous ruling, by making an oblique reference to how the victim looked, Marshall

successfully argued to the jury that it should consider the victim's physical appearance. By noting that the State failed to produce a birth certificate, he argued further the lack of documentary evidence to determine her age.

■ ¶ 25 Marshall also argues that the trial court improperly hindered his ability to argue that the State had failed to prove that he had penetrated the victim's vagina with his penis. In his closing argument, Marshall's attorney addressed the issue of penetration:

Was there penetration, vaginal-penile penetration? That's a majority of these charges. Well, there was no evidence, at least physically, from an expert that there had been penetration. There was no examination after these—

The prosecutor then objected that counsel was arguing facts not in evidence. The trial court sustained the objection. Although the court may have erred in sustaining the objection, it did not strike the comment, leaving the jury free to consider it.[3] In effect, Marshall succeeded in presenting this argument squarely to the jury, and thus error, if any, was harmless.

**Sufficiency of Evidence of Child Molestation**

¶ 26 Marshall contends that there was insufficient evidence to support the charges of child molestation. Specifically, he argues that the statute under which he was charged does not criminalize conduct directing a child to touch herself. Counts 19 through 21 of the amended indictment charged Marshall with child molestation under A.R.S. section 13–1410 (Supp.1999), which provides, in relevant part:

A. A person commits molestation of a child by intentionally or knowingly engaging in or causing a person to engage in sexual contact, except sexual contact with

---

**3.** Earlier in the trial, Marshall twice informed the court that an examination had been performed, but this fact was not disclosed to the jury. The jury submitted a question as to whether an examination had been performed "to determine virginity, health, etc.," and when asked by the trial court how to respond, defense counsel conceded that an examination was performed, but said, "The response I think is, for purposes of this trial, no." The trial court merely told the jury that it had received its question, and that it should consider only the evidence produced during the trial. It is arguably inconsistent, then, for Marshall to later argue to the jury about the lack of an examination.

the female breast, with a child under fifteen years of age.

The State's theory was that Marshall committed molestation by directing the victim to masturbate herself for his own sexual gratification. Marshall argues that the evidence was insufficient to prove the charge because "person," as used in the statute, refers only to a third person, not to the victim.

¶ 27 In construing statutes, we give words their plain and ordinary meaning unless the legislature has clearly expressed an intent to give a term special meaning. *See State v. Mahaney,* 193 Ariz. 566, 568, ¶ 12, 975 P.2d 156, 158 (App.1999). The word "person" is unambiguous and sufficiently broad to include the victim. *See* A.R.S. § 13–105(26) (Supp.1999) (defining "person," for purposes of Arizona's criminal code, as "human being" unless context requires otherwise).

¶ 28 Marshall points out that the statute does not expressly provide that the "person" may be the child herself. However, neither does it expressly exclude her. Had the legislature intended to restrict the application of the statute to third persons, it could have easily done so by substituting the words "third person" or "person other than the child" for "person." To hold as Marshall urges would require us to read absent words into the statute.

¶ 29 Furthermore, interpreting the statute to include acts of sexual contact that an adult directs a victim to perform upon herself is consistent with the underlying legislative intent. *See State v. Altamirano,* 166 Ariz. 432, 435, 803 P.2d 425, 428 (App.1990) (primary goal of statutory interpretation is to determine and give effect to the legislative intent behind the statute); *State v. Berry,* 101 Ariz. 310, 312, 419 P.2d 337, 339 (1966) (statute to be construed according to evil it is designed to remedy). The purpose of section 13–1410, to protect children from sexual exploitation, reflects a legislative determination that those who engage, either directly or by agency, in unlawful sexual contact with children should be convicted. When a child is compelled to perform an act of masturbation at the direction of an adult, the potential for emotional harm is manifest notwithstanding the lack of direct physical contact with the molester. Our supreme court observed with respect to an earlier molestation statute:

> [T]he legislature had in mind the specific intent to protect children ... from being subjected not only to physical molestation by persons who have an unnatural or abnormal sexual interest in children but to protect them from any and all indecencies which may tend to humiliate them or to arouse in children less refined feelings which are base.

*State v. Trenary,* 79 Ariz. 351, 354–55, 290 P.2d 250, 252 (1955).

¶ 30 Marshall also argues that even if the statute includes an act of self-masturbation by the victim, two of his three convictions must be reversed because the videotape shows only a single continuous act of masturbation by the victim on October 4, 1996. We will reverse a conviction based upon insufficiency of the evidence only when there is a complete absence of probative facts to support it. *See State v. Soto–Fong,* 187 Ariz. 186, 200, 928 P.2d 610, 624 (1996). Each of these counts alleged that Marshall had molested the victim *on or about* October 4th. The videotape, which covers the period of October 4th through October 8th, depicts at least three separate instances in which the victim masturbates at Marshall's direction. The evidence was sufficient to support each of the convictions.

## Lesser–Included Offense Instruction

¶ 31 An offense is a lesser-included offense if either (1) the included offense is by its very nature always a constituent part of the charged offense; or (2) the terms of the charging document describe the lesser offense even though the lesser offense would not always form a constituent part of the greater offense.[4] Stated another way, the question is whether the greater offense, either as described by statute or as charged, cannot be committed without necessarily committing the lesser. *See State v. Garcia,* 176 Ariz. 231, 233, 860 P.2d 498, 500 (App. 1993).

4. In this case, the charging document alleged that the victim was less than fifteen years of age.

¶ 32 Arizona Revised Statutes ("A.R.S.") section 13–1405 (Supp.1999) provides, in relevant part:

A. A person commits sexual conduct with a minor by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is under eighteen years of age.

B. Sexual conduct with a minor who is under fifteen years of age is a class 2 felony and is punishable pursuant to § 13–604.01. Sexual conduct with a minor who is at least fifteen years of age is a class 6 felony.

Marshall claims that the jury was entitled to the option of finding him guilty of sexual conduct with a minor age fifteen or over, that is, that the jurors could have rationally concluded that the State had proved that the victim was a minor but had failed to prove the additional element that she was under fifteen.

¶ 33 We need not decide in this case whether sexual conduct with a minor is a lesser-included offense of sexual conduct with a minor under fifteen years of age because the jury found Marshall guilty on several other legally independent counts that necessarily require its explicit finding that the same victim was less than fifteen years of age. Marshall was charged with three counts of child molestation under A.R.S. section 13–1410, which proscribes sexual contact "with a child under fifteen years of age." In order to return guilty verdicts on these charges, the jury had to find that the victim was younger than fifteen. The jury affirmatively found on numerous other counts that the victim was younger than the age of fifteen. Therefore, failure to give a lesser-included instruction, if error at all, was harmless because we can say beyond a reasonable doubt that the error did not affect the verdict. *See State v. Bible,* 175 Ariz. 549, 588, 858 P.2d 1152, 1191 (1993).

¶ 34 Moreover, it would have been inconsistent for the jury to have simultaneously convicted Marshall of molestation of a child fifteen or under *and* sexual conduct at the same time with the same child over fifteen. Marshall's argument that the jury should have been given the option of a lesser-included for the sexual conduct charge if it was uncertain about the victim's age is rendered moot by the jury's explicit finding that the victim was less than fifteen.

¶ 35 We also note, in the alternative, that there was insufficient affirmative evidence to support a lesser-included instruction. A defendant is only entitled to a lesser-included instruction if there is affirmative evidence to support it. *See State v. Lara,* 183 Ariz. 233, 235, 902 P.2d 1337, 1339 (1995) (affirming trial court's refusal of instruction for disorderly conduct on theory that victim was merely disturbed, given undisputed evidence that he was in apprehension of imminent bodily injury). Marshall contends that the videotape depicts the victim as "a very well-developed female, including full breasts and pubic hair." However, that evidence, without more, does not constitute affirmative evidence that she was fifteen or older. "In girls, the first signs of [puberty] may be evident at age 8, with the process largely completed by age 16." Stedman's Medical Dictionary 1463 (26th ed.1995); *see also* S.R. Ambron & N.J. Salkind, *Child Development* 514–15, Table 14.1 (5th ed.1987) (on average, secondary sex characteristics in females first appear at age eleven); *State v. Carroll,* 378 So.2d 4, 7 (Fla.App.1979) (recognizing classic understanding under common law that puberty for girls occurs at age twelve), *disapproved on other grounds in Hansen v. State,* 421 So.2d 504, 504–05 (Fla.1982). To conclude that the victim's appearance alone proves that she was more than fifteen years old requires speculation, given the absence of any expert testimony or other affirmative evidence linking her development to a particular age over fifteen. At most, the evidence on which Marshall relies establishes only that the victim may have reached anatomical puberty.

¶ 36 Our supreme court has repeatedly recognized a distinction between a lack of proof of a fact and affirmative evidence tending to refute that fact:

"There remains the possibility, of course, that the jury might simply disbelieve the state's evidence on one element of the crime. If so, it is argued, conviction of a lesser offense is still possible. This reasoning, however, would require instructions on all offenses theoretically included

in every criminal information [or indictment]. The law does not require or even permit such a procedure." *State v. Atwood,* 171 Ariz. 576, 629, 832 P.2d 593, 646 (1992) (quoting *State v. Schroeder,* 95 Ariz. 255, 259, 389 P.2d 255, 258 (1964)). The trial court did not err in finding insufficient evidence to support a lesser-included instruction or special verdict form.

### Sufficiency of Evidence of Sexual Conduct

¶ 37 Each of the seventeen counts of sexual conduct with a minor alleged that Marshall engaged in sexual intercourse or oral sexual contact with the victim. Counts 5 and 6 also contained the following language: "(to wit: this refers to oral/vaginal penetration)." The jury was instructed that "oral sexual contact included oral contact with the penis, vulva or anus." The court also instructed that sexual conduct with a minor required proof that the defendant had oral contact with the vulva of the victim or that he penetrated her vulva or anus or that he had masturbated her vulva.

¶ 38 Marshall notes that the vagina is the canal leading from the uterus to the external orifice of the genital canal, whereas the vulva is the external part of the female genital organs. He claims that by referring to "oral/vaginal penetration" in the indictment, rather than simply oral contact with the vulva, the State had created a higher burden of proof. According to Marshall, because the videotape at most shows contact with the vulva, rather than the vagina, the State had failed to present sufficient evidence to meet its burden of proving vaginal penetration.

¶ 39 The anatomical references distinguished the various counts from one another. Mere mention in the indictment of facts that the State intends to elicit in proving the crime does not transform those facts into elements of the offense. Indeed, as long as the amendment does not result in a different crime being charged, an indictment is deemed amended to conform to the evidence actually adduced at trial. *See* Ariz. R.Crim. P. 13.5(b) (1998). Of course, one cannot penetrate the vagina without also contacting or penetrating the vulva. *See State v. Arnoldi,* 176 Ariz. 236, 240, 860 P.2d 503, 507 (App. 1993) (recognizing impossibility of penetrating vagina without touching private parts). Thus, even if the effect of the parenthetical

references to the vagina was to allege some type of aggravated sexual misconduct, the "lesser" offense of sexual misconduct by vulvar contact necessarily was also alleged. Therefore, proof of vaginal penetration was not required to sustain convictions on Counts 5 and 6.

¶ 40 Marshall raises a similar argument with respect to those counts involving penile penetration, noting the jury's request for clarification of the apparent conflict between the indictment's use of the term vagina and the references to vulva in the jury instructions. We agree that the trial court's response, which directed jurors back to the materials that they had already been provided, was inadequate. Although a trial court has broad discretion as to how to respond to a jury's request for additional instruction, the jury's note indicated that they had already carefully reviewed the materials, and no resolution of the problem was to be found there. The court should have clearly explained to the jury that the State needed only to prove that Marshall had violated the victim's vulva and that penetration of the vagina necessarily satisfied that burden. *See State v. Ramirez,* 178 Ariz. 116, 126, 871 P.2d 237, 247 (1994) (when jury appears confused as to legal issue, court has responsibility to give guidance by lucid statement of relevant legal criteria). However, reversal is not warranted.

¶ 41 For the reasons given, Marshall's convictions and sentences are affirmed.

CONCURRING: PHILIP E. TOCI, Presiding Judge.

THOMAS C. KLEINSCHMIDT, Judge, Dissenting.

¶ 42 I respectfully dissent. Counsel is entitled to argue all reasonable inferences from the evidence. *See State v. Amaya–Ruiz,* 166 Ariz. 152, 171, 800 P.2d 1260, 1279 (1990); *State v. Dumaine,* 162 Ariz. 392, 401, 783 P.2d 1184, 1193 (1989). As the majority agrees, the trial judge erred when she precluded the Defendant from arguing that the state had failed to prove that the victim was under fifteen years of age. An important component of that defense was the physical

appearance of the victim as displayed on the videotape. She was very well developed, and the jury could have reasonably inferred from her appearance that there was a reasonable doubt as to whether she was under fifteen.

¶ 43 It is true that despite the court's order, defense counsel did argue that the lack of documentary proof of the victim's age undercut the state's case, but he made only one oblique reference to the effect that the state should have produced more evidence of age when "one looks as [the victim] looks." I do not, however, believe that it is possible to conclude beyond a reasonable doubt that had defense counsel been given free rein to argue the victim's age based on her appearance, that it would not have changed the outcome of the case.

¶ 44 If the defendant was entitled to argue that the state had not proved beyond a reasonable doubt that the victim was under fifteen years of age he must necessarily have conceded that she was over fifteen. Such a concession would mandate an instruction on the offense of sexual conduct with a minor over the age of fifteen. It was reversible error not to give the requested instruction. I agree with the majority on all the other issues in the case.