NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

VANESSA YANETTE CASTILLO, *Appellant*.

No. 1 CA-CR 13-0166
FILED 4-29-2014

---

Appeal from the Superior Court in Maricopa County
No. CR2011-152180-001
The Honorable Harriett E. Chavez, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Christopher V. Johns
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

---

**G O U L D**, Judge:

¶1          Vanessa Yanette Castillo appeals the trial court's denial of her motion for mistrial. Because we find no abuse of discretion, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          On October 7, 2011, while Castillo was being booked into jail for driving under the influence, Officer Rude noticed a "clear plastic baggie with a white powdery substance" fall out of Castillo's shoe. The substance later tested positive for cocaine. Castillo was eventually charged with one count of possession or use of narcotic drugs, a class four felony.

¶3          Prior to trial, Castillo filed a motion to suppress any statements she made to the police on the grounds she was not advised of her *Miranda* rights. The parties eventually stipulated that Castillo's statements would be suppressed.

¶4          The State called Officer Rude to testify at trial. When the prosecutor asked Officer Rude about the baggie falling out of Castillo's shoe, he testified:

> Officer Rude:      I immediately said, 'What is this' and picked it up.
>
> The State:      Officer, if I could stop you right there just for a second.
>
> Officer Rude:      Sure.
>
> The State:      Without telling us what, if anything, the defendant said during any of this, could you then tell us what happened next?

Officer Rude:      I picked it up and looked at the baggie . . . and it appeared to be cocaine.

¶5      Officer Rude then explained how he conducted a field test on the substance, and the State then asked him what he did after the substance tested positive for cocaine:

Officer Rude:      At that point I believe I confirmed . . . that [Castillo] had already been Mirandized prior.

The State:      And, Officer, without discussing any of that or anything relating to statements one way or the other, what did you do with the drugs?

Officer Rude:      Oh, what I did with the drugs. Upon conclusion of the investigation, once I'd conducted my field test and confirmed that it was cocaine, I packaged the drugs for impounding and they were impounded at South Mountain Precinct.

¶6      At this point, Castillo's attorney objected, requesting a mistrial on the grounds (1) the State violated the parties' stipulation to suppress Castillo's statements and (2) Officer Rude's testimony made the jury aware of the fact that Castillo had made statements to the police. The court denied the motion for mistrial.

¶7      At the conclusion of Officer Rude's testimony, the court asked if the jury had any questions for Officer Rude. One juror asked, "Did [Castillo] say anything when Officer Rude said 'what is this?' or how did [Castillo] act?" Castillo's attorney then renewed her request for a mistrial, which the court again denied.

¶8      At the end of the trial the jury found Castillo guilty as charged, and on February 20, 2013, the court sentenced her to one year of unsupervised probation. Castillo filed a timely appeal.

**DISCUSSION**

¶9      We review the denial of a motion for mistrial for an abuse of discretion. *State v. Cruz*, 218 Ariz. 149, 163, ¶ 67, 181 P.3d 196, 210 (2008). In deciding whether to grant a mistrial based on a witness's testimony, the trial court considers (1) whether the testimony called the jury's attention to matters that it would not have been permitted to consider in reaching its verdict, and (2) the probability that the testimony influenced the jury.

*State v. Gulbrandson*, 184 Ariz. 46, 62, 906 P.2d 579, 595 (1995). We give "great deference" to a trial court's decision to deny a motion for a mistrial because the trial court is in "the best position to determine whether the evidence will actually affect the outcome of the trial." *State v. Lamar*, 205 Ariz. 431, 439, ¶ 40, 72 P.3d 831, 839 (2003) (quoting *State v. Jones*, 197 Ariz. 290, 304, ¶ 32, 4 P.3d 345, 359 (2000)). A mistrial is the most dramatic remedy for trial error and is granted only when justice will be thwarted unless the jury is discharged and a new trial is granted. *State v. Hardy*, 230 Ariz. 281, 292, ¶ 52, 283 P.3d 12, 23 (2012) *cert. denied,* 133 S. Ct. 935 (U.S. 2013).

**¶10**        Castillo argues the trial court abused its discretion by denying her motion for mistrial. Castillo asserts that Officer Rude's testimony that she "had already been Mirandized" and the prosecutor's questions urging Officer Rude not to discuss "anything related to [Castillo's] statements" violated the parties' agreement that her statements would be suppressed. In addition, Castillo contends that because Officer Rude was not permitted to testify about her statements, it was likely the jury inferred her statements were inculpatory. We disagree.

**¶11**        Officer Rude did not offer any statement by Castillo during his testimony. Indeed, the prosecutor's questions specifically steered Officer Rude away from addressing anything that Castillo may have said. Furthermore, the court instructed the jury that "[a] question is not evidence" and jurors "must not try to guess what the answer might have been" to an unanswered question. We presume the jury followed the court's instructions. *State v. Morris*, 215 Ariz. 324, 337, ¶ 55, 160 P.3d 203, 216 (2007).

**¶12**        Accordingly, we conclude the State did not violate the suppression agreement, and the trial court acted within its discretion in denying Castillo's motion for mistrial. *See State v. Marshall*, 197 Ariz. 496, 500, ¶ 13, 4 P.3d 1039, 1043 (App. 2000) ("[A] mistrial based upon a claim of evidentiary error is warranted only when the jury has been exposed to improper evidence and the error might have affected the verdict.").

## CONCLUSION

¶13        For the reasons outlined above, we affirm.



Ruth A. Willingham · Clerk of the Court

FILED: MJT