NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PHILLIP MERIL GRIFFET, *Appellant.*

No. 1 CA-CR 16-0240
FILED 6-20-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-001258-001
The Honorable George H. Foster, Jr., Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Law Office of Kyle T. Green, PLLC, Tempe
By Kyle T. Green
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Jennifer B. Campbell joined.

---

**J O H N S E N**, Judge:

**¶1**        Phillip Meril Griffet appeals his conviction and the sentence imposed after a jury found him guilty of sexual conduct with a minor. Griffet argues insufficient evidence supported the jury's verdict and contends the court therefore erred when it denied his motion for judgment of acquittal.  He also argues the court erred in denying his motion for a new trial based on alleged juror misconduct.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        The State indicted Griffet on one count of sexual conduct with a minor under the age of 15, in violation of Arizona Revised Statutes ("A.R.S.") section 13-1405 (2017).[1]  After the jury found Griffet guilty, the court sentenced him to life imprisonment without the possibility of release for 35 years.  Griffet moved for a new trial, claiming jurors received evidence not admitted at trial.  The court held an evidentiary hearing at which the jury foreman testified; the court then denied the motion.

**¶3**        Griffet timely appealed the court's denial of his motion for a directed verdict and motion for a new trial.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2017), 13-4031 (2017) and -4033(A) (2017).

### DISCUSSION

**A.        Motion for a Directed Verdict.**

**¶4**        The court shall enter a judgment of acquittal "if there is no substantial evidence to warrant a conviction." Ariz. R. Crim. P. 20(a); *accord State v. Davolt*, 207 Ariz. 191, 212, ¶ 87 (2004).  "Substantial evidence is that which reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt." *Davolt*, 207 Ariz. at 212, ¶ 87.  Evidence

---

[1]        Absent material revision after the date of an alleged offense, we cite a statute's current version.

is substantial if reasonable jurors could disagree about whether it establishes a fact in issue. *Id.* The requisite substantial evidence may be direct or circumstantial. *State v. Escalante-Orozco*, 241 Ariz. 254, 282, ¶ 105 (2017). When reasonable jurors could differ "on inferences drawn from the facts," the court "may not re-weigh the facts or disregard [those] inferences," and "has no discretion to enter a judgment of acquittal." *State v. West*, 226 Ariz. 559, 563, ¶ 18 (2011) (quoting *State v. Lee*, 189 Ariz. 590, 603 (1997)). We review the superior court's denial of a Rule 20 motion *de novo. Id.* at 562, ¶ 15.

¶5          Griffet was charged with intentionally or knowingly engaging in "oral sexual contact" with a minor under the age of 15, in violation of A.R.S. § 13-1405. Oral sexual contact means "oral contact with the penis, vulva or anus." A.R.S. § 13-1401(A)(1) (2017). The vulva is "the external part of the female genital organ[]," whereas "the vagina is the canal leading from the uterus to the external orifice of the genital canal." *State v. Marshall*, 197 Ariz. 496, 506, ¶ 38 (App. 2000).

¶6          At trial, a witness testified that as she walked toward Griffet's vehicle in a restaurant parking lot, she noticed the vehicle was "rocking just slightly."[2] As the witness neared the driver's side of the vehicle, she saw Griffet inside, bent over, with his back facing the driver's window. The witness saw the seven-year-old victim in either the front passenger or back seat, naked "from the waist down," with her "legs . . . open." The witness testified she saw Griffet's head near the victim's vagina, and that she could see the victim's vagina. Although the witness did not testify she saw Griffet make oral contact with the victim's vulva, based on the evidence presented, the jury could reasonably infer such contact occurred; that was the inference the witness drew when she testified she saw Griffet's head "in" the victim's vagina.[3]

¶7          As this account makes clear, the jury received sufficient evidence to conclude Griffet was guilty of the charged offense. The

---

[2]     On appeal, we view the facts in the light most favorable to sustaining the jury verdict and resolve all reasonable inferences against the defendant. *State v. Lee*, 189 Ariz. 608, 615 (1997).

[3]     The State also presented DNA evidence supporting the verdict: A forensic scientist testified the victim's underwear yielded DNA evidence that matched the Y-STR DNA profile on a buccal swab obtained from Griffet.

superior court, therefore, did not err in denying Griffet's motion for judgment of acquittal.

**B.      Motion for a New Trial.**

**¶8**          During deliberations, the jury was given a laptop computer to watch surveillance footage admitted in evidence.  A member of the jury discovered a disk in the computer's disk drive.  The disk was labeled "Witness interviews," and seemed to identify the victim's two guardians as the witnesses.  Jurors immediately called the bailiff, who retrieved the disk shortly thereafter.  After learning of the incident, the court informed the parties that same afternoon.  Griffet moved for a mistrial based on juror misconduct, and the court set an evidentiary hearing to determine "what had happened to that CD while it was in the jury room."

**¶9**          At the hearing, the jury foreman testified that when another juror turned on the computer and opened the disk drive, there was already a disk inside the drive.  The disk, the foreman said, was "labeled interview of some kind," but he did not remember the exact title.  He also testified the computer was "still initializing, turning on" when the drive opened, and so no video or audio played before the disk was discovered.  Upon discovering the disk, he explained, jurors called the bailiff, who arrived within minutes to collect the disk.  He testified jurors did not discuss the disk further.  After considering the jury foreman's testimony, the court denied the motion for a new trial, finding "there was nothing about the existence of the CD in the computer that [led] to any further deliberation or discussion by the jury," and the "advent of the CD . . . [did not] result[] in any demonstrated prejudice" to Griffet.

**¶10**          Griffet argues that even though the jury did not play the disk, because its label indicated it contained recorded interviews of the victim's guardians, the jury could have learned that evidence was available but not admitted, which "violated the spirit of the Rules."  Griffet adds that whether the two guardians were interviewed by police was "[o]ne of the points of contention" at trial.

**¶11**          The court may grant a new trial for juror misconduct when a jury or juror "receive[s] evidence not properly admitted during the trial."  Ariz. R. Crim. P. 24.1(c)(3)(i).  But it is not sufficient that the evidence have been available for review by the jury: A defendant seeking a new trial on this ground "bears the initial burden of proving that jurors received *and considered extrinsic evidence*." *State v. Olague*, 240 Ariz. 475, 481, ¶ 21 (App. 2016) (emphasis added).  If a defendant meets this burden, "prejudice must

be presumed and a new trial granted unless the prosecutor proves beyond a reasonable doubt that the extrinsic evidence did not taint the verdict." *State v. Hall*, 204 Ariz. 442, 447, ¶ 16 (2003). Prejudice is not presumed, however, "without the requisite showing that the jury received and considered extrinsic evidence on the issues." *Davolt*, 207 Ariz. at 208, ¶ 59. We review the superior court's ruling on a motion for new trial for an abuse of discretion. *Hall*, 204 Ariz. at 447, ¶ 16.

¶12        Griffet's motion merely argued the jurors saw the disk and that the label on the disk reflected it contained interviews of the victim's guardians. Griffet concedes jurors did not listen to the recording, a concession reflecting the foreman's testimony that the computer was still powering up when the jurors opened the drive, and no video or audio played from the disk. Most significantly, Griffet has shown no prejudice from the purported juror misconduct. The foreman testified the jury did not discuss the disk, explaining that "wasn't part of the evidence . . . [s]o we knew not to view it, [or] . . . read it." Finally, although the witnesses' interviews were not admitted at trial and there was some contention about the content of the interviews, the jury already knew from trial proceedings that the interviews had occurred. Even if the jurors had noticed the guardians' names on the disk, the fact that they had been interviewed would not have been new information sufficient to "taint the verdict." *See Hall*, 204 Ariz. at 447, ¶ 16.

¶13        Accordingly, the superior court did not err in denying Griffet's motion for a new trial based on purported juror misconduct under Rule 24.1(c)(3)(i).

## CONCLUSION

¶14        For the foregoing reasons, we affirm Griffet's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:  AA

5