NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

CYNTHIA HYDE, *Petitioner/Appellant*,

*v.*

JESSICA BEATTY, *Respondent/Appellee*.

No. 1 CA-CV 23-0416 FC

FILED 09-10-2024

Appeal from the Superior Court in Mohave County
No. L8015DO202107007
The Honorable Megan A. McCoy, Judge

**AFFIRMED**

COUNSEL

Genesis Legal Group, Glendale
By Alyssa N. Oubre, Kevin Jensen
*Counsel for Petitioner/Appellant*

Aspey Watkins & Diesel, PLLC, Flagstaff
By Michael J. Wozniak, Zachary J. Markham, Zacharias N. Hope
*Counsel for Respondent/Appellee*

―――――――――――――――

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Anni Hill Foster joined.

―――――――――――――――

**P A T O N**, Judge:

¶1          Cynthia Hyde ("Grandmother") appeals the superior court's final orders modifying her third-party visitation rights and the court's order denying relief under Arizona Rules of Family Law Procedure ("ARFLP") 83 and 84.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          Grandmother's son ("Father") and Jessica Beatty ("Mother"), have three children together.  Father died in 2019.  After Father's death, Mother and the children moved to Pennsylvania.

¶3          In January 2021, Grandmother petitioned for third-party visitation with the children.  In May 2021, the superior court awarded Grandmother unsupervised visitation for three days per month in Pennsylvania during the school year and for longer periods in Arizona or Pennsylvania during the summer and holidays ("Visitation Order").

¶4          In December 2021, Grandmother petitioned to enforce the Visitation Order, claiming Mother prevented her from visiting the children during the holidays.  The court held a hearing on Grandmother's enforcement petition in February 2022, and in March 2022, found Mother in contempt of court and ordered make-up visitation for Grandmother during the children's summer break ("March Contempt Order").

¶5          A few months later, Grandmother filed a petition for contempt and enforcement of the March Contempt and Visitation Orders, alleging Mother failed to comply with both.  In October 2022, the court again found Mother in contempt of court for violating the orders ("October Contempt Order").  The court ordered Mother to comply with the Visitation Order and make-up visitation for Grandmother.

¶6          In November 2022, Mother petitioned to modify the Visitation Order seeking either to eliminate Grandmother's visitation or restrict it to supervised, non-overnight visitation in Pennsylvania only, and requested

expedited temporary orders.  In December 2022, Grandmother moved to dismiss Mother's petition, which the superior court denied.  After a hearing, the court entered temporary orders which allowed Grandmother to visit the children only in Pennsylvania until it issued its final orders.

**¶7**　　　Mother also disclosed a November 2022 letter from Nicholas Konior, one child's counselor, in December 2022, and disclosed Konior as a potential witness about a month later.  A few days before the final orders hearing, Mother disclosed a letter Konior wrote in March 2023.

**¶8**　　　The superior court held a final orders hearing on Mother's modification petition and Grandmother's third enforcement petition in March 2023.  Mother testified that the children expressed negative feelings about spending time with Grandmother.  She also testified that in November 2022, Konior recommended his child patient not visit Grandmother because the child was afraid of Grandmother and became upset when asked about seeing her, which Konior memorialized in a letter.

**¶9**　　　Over Grandmother's foundation objection, the court admitted the November 2022 letter.  In March 2023, Konior provided an updated letter which stated, "Regarding the March 16, 2023, hearing, I recommend no contact with grandmother."  The court admitted that letter into evidence over Grandmother's foundation and hearsay objections.

**¶10**　　　After the hearing, the superior court found that visitation with Grandmother was not in the children's best interests because "[t]he ongoing discord is causing trauma to the children that is far outweighing [the] benefit of a relationship."  The court gave "special weight to [Mother's] input as she [was] their lone parent due to the death of the children's father."  The court modified the Visitation Order, ordering that any future visitation between Grandmother and the children occur only with Mother's consent.

**¶11**　　　A few weeks later, Grandmother moved to alter or amend the judgment under ARFLP 83, raising arguments regarding Konior's qualifications and the special weight given to Mother's opinions.  In August 2023, we stayed the appeal for the superior court to enter ARFLP 78(c) language and rule on the ARFLP 83 motion.  The court subsequently amended the final orders to add ARFLP 78(c) language but did not rule on the ARFLP 83 motion.  In the meantime, Grandmother filed an ARFLP 84 motion for clarification.  We continued the stay twice and directed the superior court to rule on the ARFLP 83 and 84 motions.  The court ultimately denied Grandmother's requests for relief.

**¶12**      Grandmother timely appealed.  We have jurisdiction under Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(2).

## DISCUSSION

**¶13**      We view the record in the light most favorable to upholding the superior court's visitation order. *In re Marriage of Friedman & Roles*, 244 Ariz. 111, 113, ¶ 2 (2018).  Grandmother argues the superior court erred by (1) denying her motion to dismiss because Mother's petition to modify was premature under Section 25-411, (2) admitting improper expert testimony at the final orders hearing, and (3) giving "special weight" to Mother's opinion on whether visitation with Grandmother was in the children's best interests.

## I.      Section 25-411(A)'s one-year waiting period does not apply to third-party visitation modification petitions.

**¶14**      We review the superior court's denial of a motion to dismiss de novo. *See Cox v. Ponce*, 251 Ariz. 302, 304, ¶ 7 (2021) (discussing ARFLP 29(a)(6)).  And we review issues of statutory interpretation de novo. *McGovern v. McGovern*, 201 Ariz. 172, 175, ¶ 6 (App. 2001).

**¶15**      Grandmother contends the superior court should have dismissed Mother's November 2022 petition to modify visitation because Mother filed it one month after "the [superior] court modified parenting time in October 2022[,]"in violation of Section 25-411(A)'s requirement that a party wait one year to file a modification petition. *See* A.R.S. § 25-411(A).  Mother responds that the court appropriately considered her petition because Section 25-411's exceptions to the one-year modification rule apply—namely, that visitation with Grandmother seriously endangered the children's mental and emotional health, and the court may modify a visitation order when it would serve the children's best interests. *See* A.R.S. § 25-411(A), (J).

**¶16**      The October Contempt Order addressed Grandmother's petition to enforce visitation and did not concern parenting time.  It was not a modification order, as Grandmother suggests, but an enforcement order.

**¶17**      Further, Section 25-411 is inapposite here.  Section 25-411 only discusses efforts to modify legal decision-making and parenting time; it says nothing about third-party visitation rights.  A.R.S. § 25-411.  We have previously held that when a parenting time statute "does not explicitly refer to third-party visitation, [it] does not apply to visitation rights." *McPherson v. McPherson*, 1 CA-CV 22-0298, 2023 WL 2317560, at *3, ¶ 13 (Ariz. App.

Mar. 2, 2023) (mem. decision); *see also Sheehan v. Flower*, 217 Ariz. 39, 42, ¶ 16 (App. 2007); *City of Phoenix v. Donofrio*, 99 Ariz. 130, 133 (1965) (stating we will not expand a statute beyond its express language). Accordingly, the court did not err as a matter of law by denying Grandmother's motion to dismiss Mother's petition to modify visitation.

## II.      The superior court did not err by admitting the counselor's letters.

**¶18**          Grandmother next contends the superior court erred by admitting Konior's letters as evidence "without an adequate showing that he was qualified to give such opinion," citing Arizona Rules of Evidence ("Rule") 702. We review the superior court's decision to admit evidence for an abuse of discretion. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 23 (App. 2019).

**¶19**          A party must object to an opposing party's witnesses and exhibits in the pretrial statement. ARFLP 76.1(g)(12), (13). Mother disclosed Konior as a witness and his letters as exhibits in her pretrial disclosure statements, which Grandmother did not object to. She thus waived her right to object to their admission at the final orders hearing. *See* ARFLP 76.1(i) (if a party does not specifically object to a witness or exhibit in their pretrial statement, they waive the right to raise it at trial).

**¶20**          Although Grandmother raised a Rule 702 argument regarding Konior's qualifications in her ARFLP 83 motion, she did not raise it at the final orders hearing. She has therefore waived her right to challenge Konior's qualifications on appeal. *See Woyton v. Ward*, 247 Ariz. 529, 533–34, ¶ 16 (App. 2019) (failing to object to an expert's qualifications before the superior court waives the issue on appeal). The court did not err by admitting Konior's letters into evidence.

## III.     The superior court did not err by giving special weight to Mother's opinion on whether visitation was in the children's best interests.

**¶21**          Because the superior court has discretion to grant or deny visitation based on the children's best interests, we will affirm its decision absent an abuse of discretion. *See Friedman*, 244 Ariz. at 120, ¶ 36. "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the [superior] court's decision, is 'devoid of competent evidence to support' the decision." *Id.* (citation omitted). We review the interpretation of statutes and constitutional issues de novo. *Id.* at 114, ¶ 11.

¶22	Section 25-409(E) provides that "[i]n deciding whether to grant visitation to a third party, the court shall give special weight to the legal parents' opinion of what serves their child's best interests." A.R.S. § 25-409(E). Grandmother contends that the phrase "in deciding whether to grant" means the court may give special weight to a parent's opinion on what serves their children's best interests only in the initial grant of third-party visitation, not in subsequent visitation decisions. Mother responds that "it would be an overreach to assume . . . that the Arizona legislature intended to circumvent . . . a fit parent's fundamental right to the care, custody and control of their children" by not mentioning modifications in Section 25-409(E).

¶23	Parents have a fundamental right to the "care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 65 (2000). We have previously held that this fundamental right prohibits "arbitrary intrusion into fit parents' decisions regarding their children, including the decision to limit or deny third-party visitation." *Borja v. Borja*, 254 Ariz. 309, 313, ¶ 8 (App. 2022).

¶24	Courts should assume "a [legal] parent acts in his or her child's best interest[s] in decisions concerning the child[ren]'s care, custody and control" and give "special weight" to a legal parent's opinion regarding whether visitation is in the children's best interests. *McGovern*, 201 Ariz. at 177–78, ¶¶ 17–18. Mother's opinion was entitled to special weight because she remained the children's legal parent at the final orders hearing. *Borja*, 254 Ariz. at 314, ¶ 11 (giving a parent's opinion special weight "as long as she remains the legal parent").

¶25	The text of Section 25-409(E) does not preclude a court from giving special weight to a parent's opinion when considering a petition to modify visitation. Section 25-409 is the only Arizona statute that addresses third-party visitation rights, and it makes no distinction between initial and subsequent visitation determinations. If the legislature had intended to restrict the application of Section 25-409(E) to initial visitation determinations only, it could have done so, for example, by adding the word "initially" before "grant." *See generally State v. Marshall*, 197 Ariz. 496, 504, ¶¶ 27–28 (App. 2000) (If "the legislature intended to restrict the application of the statute . . . it could have easily done so."). In light of the text of Section 25-409(E) and Mother's fundamental right to parent, the court did not err by giving Mother's opinion special weight in determining what was in the children's best interests. *See Borja*, 254 Ariz. at 314, ¶ 11.

¶26        Mother requests attorneys' fees and costs on appeal.  *See* A.R.S. §§ 12-342, 25-324; *see also* Ariz. R. Civ. App. P. 21.  In our discretion, we decline to award fees.  As the prevailing party, Mother may recover her taxable costs upon compliance with ARCAP 21.

## CONCLUSION

¶27        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV